320 So.2d 638

**TRADERS & FARMERS BANK OF HALEY-VILLE, Alabama, a corporation**

v.

**CENTRAL BANK OF ALABAMA, etc., et al.**

**SC 1087, 1087–X.**

Supreme Court of Alabama.

Oct. 2, 1975.

Harris, Harris, Shinn & Harris, Decatur, for appellee and cross-appellant.

Tweedy, Jackson & Beech, Jasper, for appellant.

ALMON, Justice.

Plaintiff-appellant, Traders & Farmers Bank of Haleyville, is a state bank with its home office in Haleyville and branches at Double Springs and Addison. Application for the establishment of the branch at Addison was made on July 30, 1973, with both the State Superintendent of Banks and the Regional Office of FDIC in Atlanta, Georgia. Authority for the application was based on Act No. 606, Acts of Alabama, 1953. State approval was granted in September of 1973; FDIC approval in November of 1973. The Addison branch was opened for business on February 18, 1974.

Defendant-appellee, Central Bank of Alabama, is a national bank with its home office in Decatur with several branch offices, one of which is located in Winston County at Haleyville, and one of which is located in Cullman (near Addison). Appellee filed an application with the Comptroller of Currency of the United States of America for authority to establish a branch in Addison. The application was approved on or about April 4, 1974, and appellee planned to establish a branch in Addison.

On April 20, 1974, appellant filed a complaint in the Circuit Court of Winston County against appellee. The complaint alleged that the defendant was seeking to establish a branch bank in Addison by virtue of the provisions of Act No. 435, Acts of Alabama, 1973, as codified, Appx., Art. 11A(⅛), § 14(1k18a) (1973 Supp.), Code of Alabama 1940, Recompiled 1958. The complaint also alleged that Act No. 435 was a local law applying only to Winston County, which specified that it applied only to counties having a population of not less than 16,600 nor more than 16,950 according to the last or most recent federal decennial census. The complaint also alleged that Act No. 435 was unconstitutional because notice was not published as required by Section 106 of the Constitution, and because the population range specified in the Act was not substantial and was not reasonably related to the purpose of the act,

and because there had been no compliance with amendment 255 to the Constitution of Alabama requiring the approval of the qualified voters of Winston County for the approval of local laws applicable to that county.

In paragraph 7 of the complaint the plaintiff alleged that it was presently conducting a branch bank in Addison and that it would be detrimental economically to appellant's branch bank already established in Addison for appellee to open a branch there.

Appellee's answer contained a counterclaim alleging that if Act No. 435 is invalid for any of the grounds set out in the original complaint, then Tit. 5, § 125, Code, supra, (restricting branch bank geographically to the parent bank's "principal place of business") and Amend. 255, Ala.Const., 1901, dictate that appellant also be permanently enjoined from further operating a branch bank in Addison.

Appellee later amended its answer and counterclaim to aver in the alternative that, if it was mistaken in its averments that the appellant had established its branch under the provisions of Act No. 435, then the appellant had established the same under the provisions of Act No. 606, Acts of Alabama, 1953, or Act No. 938, Acts of Alabama, 1961, and appellee averred that each of said Acts was unconstitutional for the reason that each of them violated Section 106 of the Constitution.

Appellant's application for a preliminary injunction was heard on May 6, 1974, and a preliminary injunction was granted. The hearing on the merits was held on June 27, 1974, and a final decree was rendered on August 14, 1974, holding that there was no legislative authority for either appellant or appellee to operate a branch bank in Addison. The decree enjoined appellee from establishing its proposed branch and enjoined the plaintiff from continuing the operation of the branch which it had established at Addison.

There have been three statutes in the last quarter century which have purported to authorize branch banking in Winston County. The first one was Act No. 606, enacted in 1953 (this act was later repealed by Act No. 939 in 1961); the second one was Act No. 938, enacted in 1961; and the third one was Act No. 435, enacted in 1973. The trial court found that authority for the application for appellant's existing bank had been based upon Act No. 606. However, Act No. 606 was expressly repealed by Act No. 939 in 1961 and was thus an inappropriate statute under which to make application. The court further found that neither Act No. 938 nor Act No. 435 provided any legislative authority for branch banking at Addison because both were local laws within the meaning of Art. 4, § 110, Ala.Const., 1901, and both failed to meet the requirements of Art. 4, § 106, as to notice and publication.

Appellant appealed from the decree to reverse the portion thereof enjoining it, and appellee cross-appealed assigning errors to reverse the decree enjoining it and to reverse the decree granting a preliminary injunction against it.

■ Appellant argues that it relied on Tit. 5, § 125(1), Code, supra, in establishing its branch in Addison. This section allows a bank such as appellant to branch in the county where it has its principal place of business if branching had been authorized by law on or before the effective date of the statute, which was June 21, 1955. Appellant submits that since Act No. 606 was passed some two years before Tit. 5, § 125(1) was passed, branch banking was authorized by law in Winston County at the time appellant opened its branch bank at Addison on February 18, 1974.

To sustain the validity of Act No. 606, appellant argues that the Act is valid on its face and that for the court to declare it unconstitutional the court would have to look to the House and Senate Journals to determine whether or not notice of the Act was given as required by Section 106 of the Constitution. This is precisely the procedure the court takes to determine whether the Journals affirmatively show, as the Constitution requires, that notice of a local law is given since the courts take judicial notice of the Journals. *Moog v. Randolph*, 77 Ala. 597 (1884).

Furthermore, if branch banking was authorized in Winston County at the time of the passage of Tit. 5, § 125(1), then by its express terms it was not applicable to Winston County. This court, in discussing this statute, pointed this out in *Security Trust & Savings Bank v. Marion County Banking Co.*, 287 Ala. 507, 514, 253 So.2d 17, 22 (1971):

"If the provisions of Act No. 76 [Tit. 5, § 125(1)], prohibiting branch banking, are inapplicable . . . because branch banking is or has been authorized there, that would leave conditions in the same status as before the enactment of Act No. 76—the Act having no application where branch banking is or has been authorized. If the Act has no application in the county, then the Act cannot reinstate or establish a right in the appellee Bank to branch bank in other counties. The Act does not undertake to authorize branch banking across county lines, because multi-county branch banking may, at one time, have been authorized in the county. The Act states that its provisions of prohibition against branch banking, do not apply if branch banking has been authorized in the county. Under such conditions, Act No. 76 neither gives the right nor takes it away. It is simply inapplicable."

■■ Appellant next argues that appellee has no standing to challenge the constitutionality of Act No. 606. Appellee counterclaimed in its answer, and it was admitted in appellant's answer to the counterclaim, that appellant's branch bank in Addison would compete with the business of appellee attributable to its Haleyville and Cullman branches. Clearly, the threat of

competition is sufficient to provide standing to contest the legality of a competitor's facility. *Whitney National Bank v. Bank of New Orleans*, 116 U.S.App.D.C. 285, 323 F.2d 290 (1963); *Commercial Security Bank v. Saxon*, 236 F.Supp. 457 (D.C.D.C. 1964), aff'd, 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966).

Finally, appellant argues that appellee is estopped from challenging appellant's statutory authority to continue operating its branch bank in Addison. Appellant bases this argument upon statements made by appellee's corporate officials in a hearing before the Comptroller of the Currency in 1973 to the effect that appellee had no objection to such an operation by appellant. Appellee does not deny that such a statement was made. However, appellee asserts, and it was uncontroverted by appellant, that appellee gave appellant notice during a telephone conversation a few days after the hearing that it would contest the right of appellant to establish a branch in Addison if appellant opposed appellee's efforts to do the same.

Reliance is an essential element of estoppel. *Hall v. Gulledge*, 277 Ala. 580, 173 So.2d 571 (1965). We are of the opinion that there was sufficient evidence for the trial court to conclude that appellant did not rely upon any statement made by appellee before the Comptroller of the Currency in establishing its branch bank in Addison.

Moreover, we are of the opinion that a position taken in a federal administrative hearing, where the issues are materially different, should not preclude a party in a state court from raising the constitutionality of a state act.

This is a classic example of a situation often referred to as a "Mexican standoff." Both banks attempted to establish a branch at Addison; both banks were proceeding under unconstitutional statutes; both banks assert the unconstitutionality of the statute under which the other attempted to branch; and both banks assert estoppel against the other contending that the other is precluded from challenging the constitutionality of its statute. Result—no banks in Addison.

The judgment is due to be and is hereby

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.

BLOODWORTH, J., recuses self.