I dissent. The majority fails to recognize that appellant had no interest in the property at the time it was mortgaged by Curtis Walton. Additionally, the theory of estoppel is not applicable under the facts in this case.
An analysis of the legal status of the parties to this transaction supports the trial court's holding. When Lillie Williams executed the deed to Curtis Walton, the property was subject to a mortgage to First Federal Savings and Loan Association of Russell County. At that time, the Savings and Loan Association had legal title to the property and the deed conveyed Mrs. Williams's equity of redemption to Curtis Walton. Thereafter, she had no legal or equitable interest in the property and therefore she was unable to obligate an interest under the FNBC mortgage. The majority opinion is unable to identify what interest Mrs. Williams is obligating under the mortgage: "[W]hatever interest [she had], if any, . . . was being obligated" under the FNBC mortgage. (Emphasis added). However, since she had no identifiable legal or equitable interest, I maintain that she was unable to obligate herself under the mortgage and was, therefore, not entitled to notification.
Further, the opinion states that FNBC should not be the "fortuitous beneficiary of Walton's criminal act of forgery." This distorts the facts; FNBC is the "fortuitous beneficiary" of the fact that Mrs. Williams had no legal or equitable interest in the property requiring notification under the Truth-in-Lending Act. In fact, the forgery is irrelevant to whether or not she was an obligor on the mortgage. Even if shehad signed the mortgage, she had no interest in the property to convey to FNBC.
The majority also attempts to use the theory of estoppel to prevent FNBC from denying that Mrs. Williams is an obligor entitled to notification. It is clear that reliance is an essential element of estoppel. Traders Farmers Bank ofHaleyville v. Central Bank of Alabama, 294 Ala. 622,320 So.2d 638 (1975). In the case before us, the majority attempts to infer Mrs. Williams's reliance on FNBC's responsibility to notify obligors. I fail to see that there is any element of reliance in this case. The majority identifies her failure to pursue the right of rescission as the requisite reliance. Even if she had been notified, she was not an obligor under the mortgage and she would not have been able to rescind the transaction.
When Mrs. Williams subsequently voided the deed to Curtis Walton for failure of consideration, she took back only the equity of redemption, since Curtis Walton had conveyed the legal title to the intervening mortgagee. Thus, on failure to repay the indebtedness, a foreclosure sale was proper. It is well settled that any proceeds from the sale over and above the amount of the principal, any interest to the date of sale, plus the amount of the first mortgage paid off by FNBC, would be returned to Mrs. Williams as her equity in the property.
While the facts of this case present a very difficult situation, I would hold that the trial court did not commit error in its order, and I would affirm its holding.
ALMON and BEATTY, JJ., concur.