274 So.2d 68

**Mildred CASEY**

v.

**Bessie M. KEENEY.**

SC 151.

Supreme Court of Alabama.

Feb. 22, 1973.

Taylor D. Wilkins, Jr., and E. E. Ball,
Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

PER CURIAM.

This is an appeal from a decree of the Circuit Court of Baldwin County, in Equity, which established a boundary line between lands of appellant on the west and lands of appellee on the east, which lands are situated in Section 28, Township 8 South, Range 4 East, Baldwin County, Alabama.

It is apparent that the boundary line fixed in the decree under review was based on a finding by the trial court, before whom the testimony was taken orally and who made a personal inspection of the lands involved, that the appellee acquired title to the strip of land in dispute by adverse possession.

We will allude to certain principles which have been established or recognized in our cases which have dealt with boundary line disputes which principles were reaffirmed in the recent case of Barnett v. Millis, 286 Ala. 681, 246 So.2d 78.

Equity has jurisdiction to determine disputed boundary lines.

A boundary line between adjacent landowners which is not controlled by a government survey or subsectional lines located on the basis of a government survey may be changed by adverse possession.

The provisions of Section 828, Title 7, Code 1940, to the effect that adverse possession cannot confer or defeat title to land unless the party claiming adverse possession shall show that a deed or other color of title has been recorded for ten years, or unless such party or those through whom he claims has assessed the land for taxation for a period of ten years, if the land is subject to taxation, have no application to cases involving a question as to boundaries between coterminous owners.

If a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing

that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.

The dividing line between the property of appellant on the west and that of appellee on the east, according to their paper title, is the half-section or middle section line which divides the W½ and the E½ of the aforementioned section.

If the location of that line had been considered as the only issue, much of the testimony offered by both parties relating to adverse possession would no doubt have been excluded and given no consideration by the court in its decree, for landowners cannot by adverse possession relocate a section line or an interior subdivision line located on the basis of a government survey. Barnett v. Millis, supra; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409; Sims v. Sims, 273 Ala. 103, 134 So.2d 757; Morgan v. Larde, 282 Ala. 426, 212 So.2d 594.

It is apparent that the boundary line fixed in the decree under review was based on a finding by the trial court from the evidence adduced that the appellee acquired title to the strip of land in dispute by adverse possession.

We quote that part of the decree which contains the findings of the court:

"The Court made a viewing of this property after the testimony was taken and based on all of the aforegoing, the Court finds that the Complainant, Bessie M. Keeney [appellee] is the owner of the following described property in Baldwin County, Alabama, to-wit:

'Beginning at the Southeast corner, Section 28, Township 8 South, Range 4 East, run West 1367 feet to the Point of Beginning which is a juniper stake; run North 2666 feet to a juniper stake; run West 1367 feet to a juniper stake; run thence South 2666 feet to the half section corner; thence East 1367 feet to the Point of Beginning.'

That this property is contigeous (sic) to that property owned by Mildred Casey [appellant] on the West edge of the Keeney property. That there was a boundary line dispute between these two contigeous (sic) owners. The Court finds further that Mildred Casey, acting through her agents, servants or employees, trespassed on the property owned by and claimed by the Complainant and started erecting a fence thereon. The Court finds that the Complainant acquired title to the aforesaid property by a deed recorded in Deed Book 77, page 215, which is dated March 17, 1942, and a deed recorded in Deed Book 77, page 215, dated April 14, 1942. The Court finds that, at the time of this purchase, there was a fence erected along the West edge of the property claimed by the Complainant; That the Complainant exercised claim of ownership of this property by having "No Trespassing" signs posted along this Westerly edge. That she had timber cut from the entire tract on more than one occasion. The Court finds that this property was surveyed for the Complainant by Harold Graham on March 23, 1951; that, at that time, the corners to this property were distinctly marked with large juniper stakes. That the stake[s] at the Northwest corner and the Southwest corner of the aforesaid property were set in line with the old existing fence line. The Court finds further that the Complainant had the aforesaid tract of land cleared for farming purposes in 1959. That, at the same time, a ditch was dug within a few feet East of the old fence line. That the same was dug along the entire Westerly edge of the aforesaid property. The Court finds further that this entire tract of land has been in continuous cultivation under claim of ownership by the Complainant since this date. It is therefore ORDERED, ADJUDGED AND DECREED as follows: * * *"

 These findings are tantamount to a finding that appellee for a period of ten years held hostile possession of the disputed area under a claim of right; that such possession was actual, exclusive, open, notorious and continuous. Parrish v. Davis, 265 Ala. 522, 92 So.2d 897.

Although there was a conflict in the testimony in regard to some of the findings of the trial court, there was testimony to support all of the court's findings in regard to appellee's possession of the land in dispute.

 The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts, and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548; Morgan v. Larde, supra; Barnett v. Millis, supra.

 Moreover, as mentioned before, the trial court in accordance with permissible practice, made a personal inspection of the property before making its finding of fact. Hence, the decree is reviewed here as if it were a verdict of a jury, not to be disturbed unless it is plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Monroe Bond and Mortgage Co. v. State, 254 Ala. 278, 48 So.2d 431; McNeil v. Hadden, supra; Barnett v. Millis, supra.

The answers of a witness given in response to questions about lines, location, distances and the like which appeared on a survey are meaningless to us, since we do not have the pointing finger or any information which enables us to determine the particular line, location or distance to which the witness referred. The trial court was not so limited. Barnett v. Millis, supra, and cases cited.

In view of the presumptions in favor of the trial court's findings of fact, to which we have alluded above, we cannot say that there is a clear, decided preponderance of the evidence against the conclusion reached by the trial court based on its findings from the evidence. Edwards v. Farmer, 285 Ala. 118, 229 So.2d 507; Barnett v. Millis, supra.

A detailed discussion of the evidence would serve no useful purpose. Section 66, Title 13, Code of 1940; Barnett v. Millis, supra; Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729.

The decree under review is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.