325 So.2d 157

**Macie E. CAMERON**

**v.**

**Earsey L. CAIN et al.**

**SC 1467.**

Supreme Court of Alabama.

Jan. 2, 1976.

Rehearing Denied Jan. 29, 1976.

Macie E. Cameron, pro se.

Nash, NeSmith & Walker, One Onta, for appellees.

JONES, Justice.

This is an appeal from a judgment declaring a boundary line between the property of the appellee, Earsey Cain, and the appellant, Macie Cameron. We affirm.

Cain filed a complaint for declaratory judgment seeking to establish a boundary between his and Cameron's property as the old Arkadelphia Road. Cameron filed a counterclaim seeking injunctive relief against a poultry operation which Cain ran on his property. The trial Judge heard the evidence without a jury and made a personal inspection of the premises before he rendered a judgment which established a boundary line as the old Arkadelphia Road and dismissed the counterclaim as moot because Cain had discontinued his poultry operation 18 months before the law suit.

Acting as her own attorney, Cameron appealed the trial Judge's decision to this Court. She requests us to retry the facts of the case and render a judgment in her favor. It is not, however, the function of this Court to retry law suits. Both Cain and Cameron had equal opportunity to present their cases to the trial Judge. Our review of the record reveals that both sides supported their claims with evidence which was sufficient to uphold judgments in their favor. Cain presented evidence that he and his predecessor had occupied the property up to the road since at least 1914 without any dispute that the road was the boundary line. Cameron presented evidence of a recent survey done at her request which showed that she owned a strip of land on Cameron's side of the road.

 This Court will not retry issues of fact. When the trial Judge takes evidence orally and personally inspects the property, his decree on the question of adverse possession in a boundary dispute case will not be disturbed unless it is not supported by the evidence or is plainly and palpably wrong or manifestly unjust. *Casey v. Keeney,* 290 Ala. 94, 274 So.2d 68 (1973). After carefully reviewing the record, we are unable to conclude that the trial Judge's decree is unsupported by the evidence or is plainly or palpably wrong or manifestly unjust. We, therefore, affirm.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.