Appellant, Audrey Rucker Kjelstrom, appeals from a judgment of the Elmore County Circuit Court which permanently enjoined her from entering lands known as the Bellingrath Estate and assessed damages at $450.00. We affirm.
On September 28, 1972, a petition was filed in circuit court, in equity, by appellees, First National Bank of Montgomery and Stanhope E. Elmore, Jr. and R.E. Steiner, III, trustees of property in Elmore County known as the Bellingrath Estate. The petition alleged that the bank and Kjelstrom owned adjoining tracts of land in Elmore County — tracts separated by a common boundary known as the west margin line of Mortar Creek Swamp and that the boundary had for many years been designated by a fence, with the estate's property to the east and the Kjelstrom property to the west. The petition further alleged that Kjelstrom was crossing the boundary line and cutting timber from the estate's property. The estate trustees asked that the court issue a temporary injunction to prohibit Kjelstrom from cutting more timber and that, upon a final hearing, the court should issue a permanent injunction against Kjelstrom, assess damages against her for the timber previously cut, and determine the location of a boundary line between the parties. Kjelstrom answered, denying all material allegations and claiming to own all land to the east [sic] of Mortar Creek and all lands to Mortar Creek. She further denied cutting any timber belonging to appellees.
The circuit court issued a temporary injunction against Kjelstrom on September 28, 1972. Kjelstrom filed a motion to strike the injunction, which was denied. A hearing was had on May 16, 1974, at which time the court took the matter under advisement.
On May 24, 1974, Kjelstrom filed a motion asking the court to view the property in question and to hire a surveyor should the court determine that such services could aid the court in making its decision.
The court entered its decree on February 14, 1975, noting that it had taken the case under advisement, considered all evidence and viewed the property. The court found "that there is an established mesh wire fence line running through the contuguous [sic] property of the parties herein, said fence line lying along the Westerly edge of Mortar Creek Swamp . . . [and] that said fence line is the true and correct boundary line between the contiguous tracts of land claimed by the parties hereto. . . ." It further found the wire fence so well established and definite that no survey or additional marking was necessary; after decreeing this fence as the boundary line between the parties assessed the fine and entered the permanent injunction against Kjelstrom.
Kjelstrom filed notice of appeal to the Alabama Court of Civil Appeals; this appeal was transferred to this Court on February 18, 1976.
The appeal challenges the trial court's determination that the fence constituted the boundary line as being unsupported by the weight of the evidence. We disagree.
The evidence for the estate's trustee established that the disputed swamp property lay to the west of Mortar Creek, between the Creek and a wire mesh fence. One of the petitioner's witnesses, Mr. Byrne, testified that he did not know from first-hand knowledge on which side of the Creek the swamp was located; however, two other witnesses for the petitioner, Campbell and Billups, tended to identify the area between the west bank of the Creek and the fence as Mortar Creek Swamp. Mr. Campbell testified that the area between the Creek and the fence on the west side of the Creek is a swampy area, too low to cultivate. Mr. Billups testified that Mortar Creek Swamp meant to him "the low land where the water, at times, will cover it, . . . that mostly lies between the creek stream *Page 649 
and this line . . . the fence." Mr. Weaver testified for the petitioner that the land between the fence and the Creek was in trees, bushes and briars, and "a little marshy."
Witnesses for Kjelstrom took an opposite view of the boundary line. Her tax assessment did not mention a swamp; Mr. Battle testified that there was no swamp between the fence and the Creek that he knew of; Mr. Welch, a timber cruiser, had been on the land two years previously and did not see any swamps. Both Mrs. Kjelstrom and her son testified that no swamp existed on the west side of the Creek, as did Mr. Hughes and Mr. Vance.
We have summarized this evidence to show how the location of the boundary line was contested and thus became an issue for the trial judge to decide. As previously noted, the trial judge made a personal inspection of the property before his findings of fact which established the boundary line.
It is the established policy of this Court to presume correct the findings of a trial court which are based upon competent evidence, when the case is heard ore tenus. Martin v. Howard,293 Ala. 36, 299 So.2d 727; San-Ann Service, Inc. v.Bedingfield, 293 Ala. 469, 305 So.2d 374; Baldwin v. Odom,291 Ala. 129, 278 So.2d 713; Cotton v. May, 293 Ala. 212,301 So.2d 168. This policy has been most concisely stated in Baldwin v.McClendon, 292 Ala. 43, 288 So.2d 761:
 ". . . The determination as made by the trial judge, when the evidence is taken orally, as here, is favored with a presumption of correctness, which we will not disturb on appeal unless plainly erroneous or manifestly unjust, . . ."
Other cases, dealing specifically with boundary disputes, have upheld the decision of the trial judge in similar circumstances. In Jones v. Wise, 282 Ala. 707, 213 So.2d 914, Mr. Justice Merrill noted:
 "A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such case the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. . . . And where the trial court sees and hears the witnesses testify, its findings which determine questions of fact will not be disturbed on appeal unless plainly wrong. . . ."
A decree based upon conflicting testimony and a view by the trial judge has the effect of a jury verdict, not to be disturbed unless plainly and palpably contrary to the weight of the evidence. Casey v. Keeney, 290 Ala. 94, 274 So.2d 68.
There being sufficient evidence on which to support the decree, it is due to be affirmed.
AFFIRMED.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur.