This is a boundary line dispute between coterminous landowners. The trial court fixed the boundary after hearing evidence from an assortment of witnesses, examining various documents and surveys, and viewing the property. The Duncans, neighbors of Sherrill, appealed.
The record is replete with evidence which supports the line as fixed by the trial court. As we have so often said, a decree fixing a boundary line between coterminous lands on evidence submitted ore tenus and viewed by the trial court has the effect of a jury verdict and will not be disturbed on appeal unless plainly or palpably contrary to the weight of the evidence. Casey v. Keeney, 290 Ala. 94, 274 So.2d 68 (1973);Jones v. Wise, 282 Ala. 707, 213 So.2d 914 (1968).
On appeal, the Duncans recognize this well-established principle of law and focus most of their argument on the trial court's failure to grant their motion for new trial wherein they sought a new trial before another judge, because of the asserted prejudice of the judge who tried this case.
In support of their motion for new trial, the Duncans filed an affidavit made by the attorney who represented them in which he said that, after the case was tried and during a meeting in chambers with counsel for both sides present, the trial judge disclosed to the lawyers that the plaintiff, Mrs. Sherrill, *Page 947 
had been his daughter's first grade teacher and had done a good job, for which he and his wife were appreciative. This meeting took place sometime after the evidence in the case had been taken but before the judge viewed the property and some several weeks before the judge entered the judgment in this case. No objection was made to the judge continuing to a conclusion of the controversy until the Duncans filed their motion for new trial, which the trial judge denied after going on record to state that he had met Mrs. Sherrill two or three times, that he also knew the Duncans, and that the fact that Mrs. Sherrill had taught his daughter did not influence him in anyway in deciding the case.
We affirm. There is absolutely no evidence in the record before us to suggest that the trial court was biased or prejudiced toward either party to this litigation. In fact, just the opposite appears. The only assertion of prejudice is in the affidavit of the Duncans' lawyer who said it was his opinion that the fact that Mrs. Sherrill had taught the daughter of the judge affected his consideration of the case. Nothing in the record before us suggests that the trial judge should have disqualified himself under Canon 3 C. of the Code of Judicial Conduct, or otherwise. Prejudice on the part of a judge should not be presumed. At 48 C.J.S. Judges § 82b, the general rule is stated as follows:
 "It is actual existence of prejudice on the part of a judge, not the mere apprehension of it by a party which disqualifies. Further, the disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity. . . ."
In the instant case, there is no evidence of partiality on the part of the judge; therefore, we are not called upon to pass upon the quality and character of such evidence to determine whether it might have tended to sway his judgment.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur.