On this appeal, we are presented with a boundary line dispute between coterminous landowners. The Appellees, Trustees of the Arley Congregational Christian Church, filed a bill seeking to enjoin the maintenance of a fence constructed by M.N. Robertson and Valice Robertson with the knowledge and consent of their lessors, Belvina Woodard, Stella Pratt, Aster Dixon, Anna Hall and Newton Woodard, heirs-at-law of C.O. Woodard ("Woodard heirs"), on land the Trustees allegedly owned by deed, adverse possession, or prescription. In their answer, M.N. Robertson and Valice Robertson alleged that the land was owned by the Woodard heirs.
The Circuit Court of Winston County, sitting without a jury, made findings consistent with the Trustees' contentions and established the true boundary lines between the parties to be the east right-of-way of the Jasper-Decatur highway (numbered County Road No. 41). This appeal followed. We affirm.
The substance of the Woodard heirs' contentions is that the Trustees did not prove the requisite intent needed to obtain the property by adverse possession. It is true that "there can be no adverse possession without an intention to claim title."Killian v. Everett, 262 Ala. 434, 436, 79 So.2d 17, 20 (1955). "[I]t is essential to the proper determination of the character of the possession to consider the intention with which it was taken and held." Tanner v. Dobbins, 255 Ala. 671, 675,53 So.2d 549, 551 (1951).
By deed, the church claimed only a 209' X 408' tract of land. Church members, *Page 468 
however, had used additional property on which to park automobiles, and to conduct church-related outdoor activities. Witnesses stated, though, that the church only claimed what it rightfully owned. It is this subjective testimony of intent that appellants contend defeats the appellee's claim of adverse possession.
To possess the requisite intent to adversely obtain property, however, it is not necessary that the possessor be correct in his belief as to the true boundary lines. Instead, and as is more often the case, his belief may originate in mistake. The intent required in such cases is the intent to take and possess as one's own. Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423
(1964); Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944); and 3 Am.Jur.2d, Adverse Possession, § 35. "The intent to claim the land actually occupied should be regarded as overriding the less immediate effective intent to hold in conformity with the deed." 3 Am.Jur.2d, Adverse Possession, § 40, n. 16. See alsoNorgard v. Busher, 220 Or. 297, 349 P.2d 490 (1960); 80 A.L.R.2d 1162.
Intent being a mental operation, no man may determine in a vacuum the intentions of another. It is for this reason that we have held that a possessor's intent may be more clearly shown by his acts.
 "[P]rimarily, it is the acts of the adverse claimant to which the court must look to determine objectively whether there is a claim of right to the disputed area openly and exclusively for ten years." Kubiszyn v. Bradley, 292 Ala. 570, 575, 298 So.2d 9, 13
(1974). (Emphasis added.)
Particularly is this true when the intent in question is that of an incorporated entity, such as the church in this case. The trial court is not bound by the intent of an individual member, but instead must discern the intent of the entity as evidenced by the acts of the body as a whole. The question, as stated byKubiszyn, is whether the possessors' acts clearly display an intent to possess the land as its own. 292 Ala. at 575,298 So.2d 9.
Evidence was introduced that the church, since at least 1948, had been the exclusive possessor of the strip in dispute, and had used it as a parking area on Sundays and Wednesdays, and had engaged in picnics and conducted "singings" thereon. (The disputed area came into being when the County changed the location of the public road in front of the church, thus enlarging the church yard.) While no attempt has been made to set out all the evidence, the above will suffice to show that the boundaries, as determined by the trial Court, are supported by credible evidence, and such findings are not plainly and palpably wrong.
Our oft-stated rule, in cases heard ore tenus, is to favor the decree of the trial court with a presumption of correctness, which will not be disturbed on appeal, when supported by credible evidence, unless palpably wrong or manifestly unjust. Francis v. Tucker, 341 So.2d 710 (Ala. 1977). Particularly is this true where, as here, the Judge has personally viewed the property in question. Casey v. Keeney,290 Ala. 94, 274 So.2d 68 (1973).
Applying the ore tenus rule of review, we hold that the final decree entered by the trial Court fixing the boundary line between these parties is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.