BLOODWORTH, Justice.
This is an appeal in a boundary line dispute, in which the only issue is whether or not the trial court erred in establishing the true lines between the properties of the parties, coterminous land owners, as two barbed-wire fences. We affirm.
Appellant owns lots 11, 12, and 13, in Government Park Addition No. 2, in Colbert County, Alabama. Appellee owns lots 14 and 15 to the north of lot 13 and lots 6 to 10 to the east of appellant’s lots 11, 12 and 13. Appellant brought the action to establish the disputed boundary line between the appellant’s and the appellee’s properties. After a hearing ore tenus and after viewing the property, the trial court obliged by rendering a judgment finding that the true and correct boundary line between the properties was two existing barbed-wire fences, one of which ran between lots 13 and 14 in an east and west direction, and the other of which ran between lots 8-10 and lots 11-13, in a north and south direction.
On this appeal, the appellant urges that the trial court erred because there can be no adverse possession without intention to claim title. Appellant says from the testimony in the case, it is clear that the father of the appellee, his predecessor in title, only intended to put the fence on the lot lines; and, since the fences encroached on appellant’s property, such holding to the fence lines was not adverse to the appellant.
We have carefully read all the testimony, and it appears that appellee’s father, his predecessor in title, built the fences around his lots in 1949 or 1950. It further appears that appellee’s father’s testimony is to the effect that it was his intention to construct the fence along the lot lines, but that when he put them up he thought they were put on the true lines and that he held to these lines thinking it was his property lines as long as he held the property for 19 years.
It is apparent that the trial judge fixed the boundary line, based on his finding from the evidence, that the appellee and his father acquired title to the strips of land in dispute by adverse possession. It is clearly the law in this state:
“If a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.”
Casey v. Keeney, 290 Ala. 94, 274 So.2d 68 (1973). We think this case falls within the influence of this rule.
The trial judge saw and heard the witnesses testify. He also personally viewed the premises.
In view of our oft-stated rule in cases heard ore tenus, that we favor the decree of the trial judge with a presumption of correctness, which will not be disturbed on appeal, when supported by credible evidence, unless palpably wrong or manifestly unjust, and in view of his personal view of the premises, we cannot say that he erred in this case. Robertson v. Fincher, 348 So.2d 466 (Ala.1977).
AFFIRMED.
' TORBERT, C. J„ and FAULKNER, AL-MON and EMBRY, JJ., concur.