ALMON, Justice.
This appeal involves a boundary line dispute between coterminous land owners. We affirm.
The facts out of which this dispute arose are set out in the judgment of the Circuit Court.
“This cause involves a disputed boundary line between adjoining land owners. The Complainants have title to the SW ¼ of the NW V4 of Section 17, Township 14, Range 21, Bullock County, and other adjoining property whose lines are not in question. The Respondents have title to lands adjoining on the east and south sides of such SW Vi of NW Vi. There is a rectangular shaped parcel of land of approximately eight acres lying in the SE corner of said SW ⅛ of NW ½ that is in dispute.
The Complainants have record title to the entire forty, including this eight acres, and claim ownership by virtue of their record title and also claim that they have been in possession of such eight acres until approximately four years prior to the time this suit was filed. The Complainants contend that the true boundary line is the east and south line according to the government survey of SW ¼ of NW Vi, Section 17, Township 14, Range 21, Bullock County, Alabama.
The Respondents contend, however that their predecessor in title, Virón Tur-nipseed, purchased the adjoining SE Vi of the NW Vi of Section 17, Township 14, Range 21, in 1929 and included within its fenced boundaries was the 8 acres lying in the SE corner of the SW ⅛ of NW Vi, and that their said predecessor was placed in possession of these eight acres along with the land described in his deed, all of which was enclosed within a common fence. Respondents contend that Virón Turnipseed continued in possession of lands up to that fence claiming the same to be the boundary line, until his death in 1951 and that they, as devisee under his will, and subsequent grantees of such devisee, have been in possession since his death claiming title up to the fence.
Upon consideration of the evidence presented upon two hearings of this cause and of an inspection of the premises by the court, the court finds as follows:
That the Respondents and their predecessors in title have been in actual, open, notorious, peacable [sic], continuous and adverse possession of the property which lies south and east of the fence shown on Complainant’s Exhibit 2, claiming to own the same for over twenty years prior to the filing of the complaint, and said property has been under definite visible boundaries and enclosures and that Respondents and their predecessors have occupied up to the fence separating the property of the parties claiming same to be the true boundary for over twenty years.
That the Court has personally inspected the subject property and found that the fence claimed by the Respondents to be the boundary has been in its present location for more than twenty years as evidenced by the fact that trees along said fence have grown around the wire and in some instances the wire is embedded up to six inches in some trees. The Court also finds by personal observation that there is no sign of an old fence, hedgerow, treeline, or other evidence on the ground to show that there was ever a different boundary line than is now situated on the property.
That the present fence as observed by the Court and as surveyed by J. B. Johnson on May 2, 1970, which said survey is shown by Plaintiff’s Exhibit 2, a copy of which is attached hereto and incorporated herein by reference, is the true and correct boundary line between Complainants and Respondents.”
The appellants contend that the trial court misapplied the principle of “tacking” in this case and/or the appellees failed to sustain their burden of proof regarding adverse possession. We find that both of these contentions are without merit.
*16 The evidence indicated that Virón Tur-nipseed claimed and possessed the disputed property from 1929 until his death in 1951. He devised all of his real estate to his widow who, in turn, conveyed certain real estate to the Mitchells in 1964. The crux of the appellants’ contention is that since the 1964 conveyance did not include the legal description of the disputed property, the Mitchells cannot avail themselves of the tacking doctrine.
This precise question was recently addressed by this Court in Watson v. Price, 356 So.2d 625 (Ala.1978):
. ■ . . For the purpose of effecting title by adverse possession, where all the • traditional elements are present, tacking of periods of possession by successive possessors is permitted against the coterminous owner seeking to defeat such title, unless there is a finding, supported by the evidence, that the claimant’s predecessor in title did not intend to convey the disputed strip. We hold that this rule should apply even though the conveying instrument contains no legal description of the property in question, and irrespective of the period for which the property was possessed by the present claimant’s predecessor in title. . . . 356 So.2d at 627.
Thus, the trial court did not err in its application of the tacking doctrine in this case.
We also believe that the appellees sustained their burden of proof in this case. Since it is undisputed that the appellants were the record owners of this property, the appellees as coterminous owners, had to establish their dominion over the land as against the whole world for the requisite period of time. Williams v. Davis, 280 Ala. 631, 197 So.2d 285 (1967). In light of our decision on the tacking issue in this case, the record provides ample support for the trial court’s findings in this regard.
The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts, and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust,
(citations omitted) Martin v. Mansell, 357 So.2d 964, 966 (Ala.1978), quoting Casey v. Keeney, 290 Ala. 94, 98, 274 So.2d 68, 71 (1973).
Because we find no evidence in the record tending to indicate that the trial court was plainly erroneous, and the trial court’s decision is not manifestly unjust, the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.