JONES, Justice.
This case involves a dispute over the proper boundary between two adjoining parcels of land. Plaintiff below, Southern Ready Mix, Inc., recently acquired its property by deed from Southern Company Services. Plaintiff hired a registered surveyor to survey and mark the property lines in accordance with the property description contained in the deed.
The surveyor was the only expert to testify at the trial, and the trial judge determined that his measurements were correct. The trial judge, however, also took into consideration the testimony of Defendant that she and her former husband had constructed a road at the edge of their property, which they had used continuously since 1958. While the surveyor’s measurements placed the true property line in the middle of this road, the trial judge ruled that the continuous use of the road for more than 25 years amounted to adverse possession of that portion of Plaintiff’s property taken by the road. The trial judge, in making his judicial determination as to the correct boundary, further accepted the Defendant’s testimony that she had always believed the property line to lie at the edge of the road.
On September 5, 1984, the trial judge ruled that the correct boundary was the southern edge of the road. He subsequently traveled to the site and placed judicial landmarks along the property line.
After receiving this favorable determination, Defendant, through the use of post-trial motions, sought to have the boundary line moved an additional eleven feet from the edge of the road. The only evidence offered to support this requested adjustment was evidence which was available to Defendant at the time of the original trial, the trial having been continued for over a year. This evidence consisted of two deeds of record which preceded the deed from Southern Company Services to Southern Ready Mix, Inc., and an early mortgage on the property. The two deeds recite the same property description as the deed which was offered into evidence at the trial. The mortgage recites a slightly different description (approximately eleven feet), but an explanation of the circumstances surrounding the mortgage, or the deed in connection with it, was not offered.
There is sufficient evidence to support the trial judge’s acceptance of the survey as the correct representation of the boundary. Kjelstrom v. First National Bank of Montgomery, 335 So.2d 647 (Ala.1976). There is also sufficient evidence to support his finding that Defendant adversely possessed as much of Plaintiff’s property as was occupied by the road. Grooms v. Mitchell, 426 So.2d 820 (Ala.1983). The trial judge’s refusal to grant the post-trial motions was clearly not an *1201 abuse of his discretion, since all of the items offered as evidence were readily available at the time of the trial. Moody v. State ex rel. Payne, 344 So.2d 160 (Ala.1977). See, also, A.R.Civ.P. 60(b).
The judgment, therefore, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.