PER CURIAM.
This is a boundary line case between coterminous landowners. The evidence was presented ore tenus.
Plaintiffs, Terry and Gladys Moorehead, brought this action to establish the eastern *385 boundary of their property as the north-south quarter-quarter section line of the southwest quarter of Section 15, Township 2 South, Range 1 West. Defendants, J.B. and Sadie Mae Burks, owners of the property contiguous to the disputed boundary, contend that the actual boundary was understood to be an abandoned fence row running north and south which begins just north of Monroe Road and runs approximately twenty-one feet west of the north-south quarter-quarter section line of the southwest quarter of Section 15.
The Mooreheads acquired the property by warranty deed from L.K. and Lois M. Beaufait in 1978. The Beaufaits acquired the property by warranty deed from Wesley and Ida Moore in 1973. The Moores acquired their interest by warranty deed in 1963 from the Burkses, defendants herein.
The trial court determined that there was an agreement between Wesley and Ida Moore and the Burkses that the fence established the true boundary between their adjoining tracts of land. It further found that the defendants’ possession was adverse for the required ten-year period pursuant to Scarbrough v. Smith, 445 So.2d 553, 556 (Ala.1984).
David Barley, who assisted Wesley Moore in business affairs, looked at the property with Wesley Moore and J.B. Burks prior to the purchase. He stated that Burks pointed out the corners of the property which was for sale and further stated that Burks indicated that the north-south fence row was the eastern boundary of the parcel. Burks confirmed in his testimony that he told Moore prior to purchase that the eastern boundary of the property was the fence row.
The Moores owned the property from March 4, 1963, to June 16, 1973. Burks testified that during this time the Moores never occupied or used any of the property to the east of the fence. Burks and Barley both testified that when Wesley Moore built a cow shed or pen in the area of the disputed boundary he built it up to the fence row but not across it to the east.
In Thomas v. Davis, 410 So.2d 889 (Ala.1982), this Court noted that coterminous landowners in a boundary dispute may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years.
As previously noted, this case was presented ore terms. “The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts, and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust.” Casey v. Keeney, 290 Ala. 94, 274 So.2d 68 (1973); Darby v. Robbins, 409 So.2d 722 (Ala.1981). We find that ample evidence was presented to enable the trial court to determine that Moore and Burks agreed to the fence row as the boundary and that they abided by this agreement for more than 10 years. Accordingly, the decision of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON, BEATTY and HOUSTON, JJ., concur.