BRYAN, Judge.
 

 Robbie Gaston sued Daniel Richard Smith to establish that he owned a disputed tract of land by adverse possession and to establish the location of the boundary line between his property and Smith’s property. Smith filed an answer and a counterclaim to quiet title to the disputed land. Smith demanded a jury trial, and the trial court denied the jury demand.
 

 Gaston owns record title to the north half of the southwest quarter of Section 23, Township 6 South, Range 10 West, in Franklin County. Gaston’s property is bordered on the north by the quarter-section line (“the quarter-section line”) separating the southwest quarter of Section 23 from the northwest quarter of that section. Smith owns property in the northwest quarter of Section 23, lying north of Gaston’s property.
 

 The record on appeal contains three deeds in Smith’s chain of title. In the first deed, executed in 1972 (“the 1972 deed”), Smith acquired a western portion of his property. The 1972 deed established the north right-of-way line of Franklin County Road 80 (“the north right-of-way line”) as the southern boundary of this western portion of Smith’s property. County Road 80 and its rights-of-way generally lie slightly north of, and roughly parallel to, the quarter-section line that forms the northern boundary of Gaston’s property.
 

 The second deed, executed in 1984 (“the 1984 deed”), conveyed to Smith and his sister, Kitty Gaston, a undivided parcel of land, the pertinent part of which now comprises the eastern portion of Smith’s property. The 1984 deed established the north right-of-way line as the southern boundary of the eastern portion of Smith’s property.
 

 In the third deed, executed in 1990 (“the 1990 deed”), Kitty Gaston conveyed to Smith her interest in what now comprises the eastern portion of Smith’s property. Evidence in the record indicates that Kitty Gaston attempted to convey to Smith, via the 1990 deed, her interest in certain property acquired jointly by her and Smith via the 1984 deed. However, the 1990 deed, unlike the 1984 deed, established the southern boundary of the eastern portion of Smith’s property along the quarter-section line.
 

 
 *1045
 
 After an ore tenus proceeding, the trial court entered a judgment stating, in pertinent part:
 

 “[Gaston] and [Smith] own adjoining lands. There is a dispute as to the location of the boundary line between them property. Upon consideration of the pleadings of record, oral testimony and exhibits offered in the trial of this cause on July 27, 2007, the court hereby finds that the legal description contained in [the 1984 deed], and recorded in Deed Book 299, Page 11 in the Franklin County Probate Office, marks the northern boundary of [Gaston’s] property[; i.e., the north right-of-way line marks the northern boundary of Gaston’s property]. The Court further finds that the legal description contained in [the 1972 deed], and recorded in Deed Book 240, Page 748 in the Franklin County Probate Office, marks the southern boundary of [Smith’s] property[; i.e., the north right-of-way line marks the southern boundary of Smith’s property]. The Court further finds that [Smith] owns no property lying south of Franklin County Road # 80.
 

 “Therefore, it is hereby ORDERED, ADJUDGED and DECREED by the Court that [Gaston’s] boundary line extends from the N.W. corner of the S.W. 1/4 Section 23, T[ownship]-6-S[outh], R[ange]-10-W[est] to the N.E. corner of the S.W. 1/4 Section 23, T[ownship]-6-S[outh], R[ange]-10-W[est] and [that this boundary line is] highlighted in green on [Smith’s] Exhibit 1, [which is a survey of Smith’s property] .... ”
 

 The line “highlighted in green” on the survey of Smith’s property is the quarter-section line.
 

 Smith appealed to the supreme court, and Gaston cross-appealed. The supreme court subsequently transferred the appeal and the cross-appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On appeal, Smith argues, among other things, that a portion of his property is bounded on the south by the quarter-section line, pursuant to the 1990 deed. Ga-ston argues, among other things, that he owns by adverse possession the property north of the quarter-section line extending to County Road 80.
 

 First, we address Smith’s argument that the trial court erred by denying his demand for a jury trial. Smith filed his quiet-title counterclaim pursuant to § 6-6-540 et seq., Ala.Code 1975, alleging to be in actual possession of the disputed property. Section 6-6-543, Ala.Code 1975, establishes the right to a jury trial in proceedings brought pursuant to § 6-6-540.
 
 See also
 
 Jesse P. Evans III,
 
 Alabama Property Rights & Remedies
 
 § 10.10[a] (3d ed. 2004) (“Though the action to quiet title is a statutory extension of the equitable jurisdiction of the circuit courts, trial by jury is afforded as of right on proper demand by any party under [§ 6-6-543].”).
 

 “In
 
 Ex parte Taylor,
 
 [828 So.2d 883 (Ala.2001),] the supreme court held that, if (1) a case involves both equity claims and legal claims; (2) the equity claims and the legal claims share a common issue; and (3) one of the parties has demanded a jury trial, that party must be afforded a jury trial of the equity claims as well as the legal claims.”
 

 Hyatt v. Chambless,
 
 959 So.2d 1107, 1111 (Ala.Civ.App.2006). Smith contends that, because of his quiet-title counterclaim, this case involves both an equity claim and legal claims sharing a common issue, the location of a boundary line. Therefore, Smith argues, the trial court should have permitted a jury trial on all the claims in this case.
 

 Smith’s argument depends upon the validity of his quiet-title counterclaim. Section 6-6-540, Ala.Code 1975, provides:
 

 
 *1046
 
 “When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof, or any interest therein or to hold any lien or encumbrance thereon and no action is pending to enforce or test the validity of such title, claim, or encumbrance, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same.”
 

 “In an action to quiet title to real property, the plaintiff must prove that he was in actual or constructive possession of the property and that his possession was peaceable, as distinguished from scrambling or disputed .... ”
 
 Cobb v. MacMillan Bloedel, Inc.,
 
 604 So.2d 344, 345 (Ala.1992). “Actual possession generally refers to the physical occupation of the land.”
 
 Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass’n, Inc.,
 
 947 So.2d 1031, 1037 n. 7 (Ala.2006).
 

 “One has constructive possession of property when he has a legal estate in fee in the property.
 
 Hinds[ v. Slack,
 
 293 Ala. 25, 299 So.2d 717 (1974)];
 
 George E. Wood Lumber Co. v. Williams,
 
 157 Ala. 73, 47 So. 202 (1908). And one is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the
 
 fact
 
 of complainant’s possession. If both parties claim actual possession or are scrambling for it, then the possession is not peaceable.
 
 Adams v. Bethany Church,
 
 380 So.2d 788 (Ala. 1980) (quoting
 
 Hinds v.
 
 Slack);
 
 Davidson v. Blackwood
 
 [, 250 Ala. 263, 34 So.2d 205 (1948) ].”
 

 Denson v. Gibson,
 
 392 So.2d 523, 524-25 (Ala.1980).
 

 The record indicates that, when Smith filed his quiet-title counterclaim, Gaston maintained a fence running roughly along the south right-of-way line of County Road 80. The fence runs roughly the length of the southwest quarter of Section 23. Ga-ston’s predecessors in title built the fence some years ago, enclosing the land that is now in dispute. “A fence enclosing land is an outstanding symbol of claim of possession.”
 
 Graham v. Hawkins,
 
 281 Ala. 288, 292, 202 So.2d 74, 77 (1967). Gaston’s fence indicates a claim of possession over the disputed land. Because both Smith and Gaston claimed to be in possession of the disputed land, Smith’s alleged possession was not peaceable.
 
 Denson,
 
 392 So.2d at 524-25. Because peaceable possession is a requirement for bringing a quiet-title claim under § 6-6-540, Smith cannot maintain his claim brought pursuant to that section. Accordingly, the trial court did not err in denying Smith’s demand for a jury trial, which Smith asserted based on his quiet-title counterclaim.
 
 [1]
 

 In seeking to establish the boundary line or lines in this ease, the trial court’s judgment contradicts itself. On the one hand, the judgment, by referring to the 1984 deed, establishes the north right-of-way line as the northern boundary
 
 *1047
 
 of Gaston’s property.
 
 [2]
 
 On the other hand, the judgment, by referring to the green line on the survey of Smith’s property, establishes the quarter-section line as the northern boundary of Gaston’s property. As noted, County Road 80 and its rights-of-way lie generally north of the quarter-section line. A judgment establishing the north right-of-way line as the northern boundary of Gaston’s property would indicate that Gaston has acquired property north of the quarter-section line by adverse possession. However, a judgment establishing the quarter-section line as the northern boundary of Gaston’s property would indicate that Gaston has not acquired property by adverse possession. “ ‘[Qjuestions of adverse possession are questions of fact properly determined by the trier of facts.’ ”
 
 Moorehead v. Burks,
 
 484 So.2d 384, 385 (Ala.1986) (quoting
 
 Casey v. Keeney,
 
 290 Ala. 94, 98, 274 So.2d 68, 71 (1973)). However, in this case, it is unclear what determination the trial court made regarding the boundary-line dispute and the adverse-possession claim.
 

 We note that the trial court’s judgment contains additional inconsistencies. In establishing the northern boundary of Ga-ston’s property in accordance with the description in the 1984 deed, the judgment states that that deed was “recorded in Deed Book 299, Page 11 in the Franklin County Probate Office.” However, the record does not indicate that the 1984 deed was recorded in Deed Book 299, page 11. The record does indicate, however, that Gaston’s acquisition of a part of his property was recorded in Deed Book 299, page 711. In establishing the southern boundary of Smith’s property pursuant to the description in the 1972 deed, the trial court stated that that deed was recorded in “Deed Book 240, Page 748.” However, the 1990 deed, not the 1972 deed, was recorded in Deed Book 240, page 748.
 

 Because it is unclear where the trial court established the boundary line or lines in this case, we reverse the judgment as to that issue and remand the case with instructions that the trial court clarify the boundary line or lines at issue. We affirm the trial court’s judgment insofar as it denied Smith’s demand for a jury trial.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
 

 PITTMAN, J., concurs in the result, without writing.
 

 [1]
 

 . We note that Smith could not maintain his quiet-title counterclaim for an additional reason. In order to bring a claim under 6-6-540, there must be "no action ... pending to enforce or test the validity of ... [the] title, claim, or encumbrance.” In this case, Ga-ston sued Smith to establish a boundary line and to establish that he owned the disputed property by adverse possession. Due to Ga-ston's pending action, Smith could not maintain his quiet-title counterclaim under § 6-6-540.
 
 See Curb v. Grantham,
 
 212 Ala. 395, 396, 102 So. 619, 619 (1924) ("[T]he [defendant's] insistence [that he was entitled to a
 
 *1047
 
 jury trial] seems to be that [his] cross-bill [alleging a quiet-title claim] comes within the purview of the statute to quiet title ([§ ] 9905, Code 1923 [a predecessor statute to § 6-6-540]), and that jury trial is therefore provided in such proceedings ([§ ] 9908, Code 1923 [a predecessor statute to § 6-6-543]). Of course one of the essential elements of a statutory bill to quiet title is that 'no suit is pending to enforce or test the validity of such title,’ which is contradicted and disproved by the answer itself and the entire proceedings. Recourse, very clearly, cannot be had therefore to the foregoing statute, and it results the court committed no error in the denial of the demand for jury trial.”). With respect to a potential conflict between § 6-6-540 and Rule 13(a), Ala. R. Civ. P., requiring that a party assert compulsory counterclaims, we note that the Alabama Rules of Civil Procedure did not supersede any part of § 1109, Title 7, Code of Alabama 1940 (Re-comp. 195 8), the predecessor statute to § 6-6-540.
 
 See
 
 Appendix II, Ala. R. Civ. P.
 

 [2]
 

 . It is possible that the trial court intended to establish the
 
 south
 
 right-of-way line of County Road 80 as the northern boundary of Gaston's property.