BRYAN, Judge.
 

 This is the second time this boundary-line dispute between Daniel Richard Smith and Robbie Gaston has been before this court.
 
 See Smith v. Gaston,
 
 1 So.3d 1043 (Ala.Civ.App.2008). We reverse and remand.
 

 In
 
 Smith,
 
 we stated the pertinent procedural history and facts:
 

 “Gaston sued ... Smith to establish that he owned a disputed tract of land by adverse possession and to establish the location of the boundary line between his property and Smith’s property. ...
 

 “Gaston owns record title to the north half of the southwest quarter of Section 23, Township 6 South, Range 10 West, in Franklin County. Gaston’s property is bordered on the north by the quarter-section line (‘the quarter-section line’) separating the southwest quarter of Section 23 from the northwest quarter of that section. Smith owns property in the northwest quarter of Section 23, lying north of Gaston’s property.
 

 “The record on appeal contains three deeds in Smith’s chain of title. In the first deed, executed in 1972 (‘the 1972 deed’), Smith acquired a western portion of his pi-operty. The 1972 deed established the north right-of-way line of Franklin County Road 80 (‘the north right-of-way line’) as the southern boundary of this western portion of Smith’s property. County Road 80 and its rights-of-way generally lie slightly north of, and roughly parallel to, the quarter-section line that forms the northern boundary of Gaston’s property.
 

 
 *1159
 
 “The second deed, executed in 1984 (‘the 1984 deed’), conveyed to Smith and his sister, Kitty Gaston, a undivided parcel of land, the pertinent part of which now comprises the eastern portion of Smith’s property. The 1984 deed established the north right-of-way line as the southern boundary of the eastern portion of Smith’s property.
 

 “In the third deed, executed in 1990 (‘the 1990 deed’), Kitty Gaston conveyed to Smith her interest in what now comprises the eastern portion of Smith’s property. Evidence in the record indicates that Kitty Gaston attempted to convey to Smith, via the 1990 deed, her interest in certain property acquired jointly by her and Smith via the 1984 deed. However, the 1990 deed, unlike the 1984 deed, established the southern boundary of the eastern portion of Smith’s property along the quarter-section line.”
 

 1 So.3d at 1044.
 

 Smith contends that the eastern portion of his property is bounded on the south by the quarter-section line, pursuant to the 1990 deed. Pursuant to his record title, Gaston’s property is bounded on the north by the quarter-section line. However, Ga-ston contends that he owns by adverse possession the property north of the quarter-section line extending to County Road 80. As noted in
 
 Smith,
 
 County Road 80 and its rights-of-way lie slightly north of, and roughly parallel to, the quarter-section line. Therefore, the ownership of the strip of land lying between the quarter-section line and County Road 80 and is in dispute.
 

 In
 
 Smith,
 
 this court determined that the trial court’s original judgment was unclear. This court stated: “Because it is unclear where the trial court established the boundary line or lines in this case, we reverse the judgment as to that issue and remand the case with instructions that the trial court clarify the boundary line or lines at issue.”
 
 Id.
 
 at 1047. On remand, the trial court entered an amended judgment. That judgment states, in pertinent part:
 

 “The Court hereby finds that the legal description contained in [Gaston’s] Exhibit #3, [ie., the 1984 deed,] and recorded in Deed Book 299, Page 711 in the Franklin County Probate Office, marks the northern boundary of [Ga-ston’s] propertyf.] The Court further finds that the legal description contained in [Gaston’s] Exhibit # 2, [ie., the 1972 deed,] and recorded in Deed Book 178, Page 526 in the Franklin County Probate Office, marks the southern boundary of [Smith’s] property. The Court further finds that [Smith] owns no property lying south of Franklin County Road # 80.”
 

 The trial court found that “the legal description contained in [the 1984 deed] and recorded in Deed Book 299, Page 711 ..., marks the northern boundary of [Ga-ston’s] property.” As noted in
 
 Smith,
 
 the 1984 deed establishes the north right-of-way line as the southern boundary of the eastern portion of Smith’s property. Therefore, by referring to the description found in the 1984 deed, the trial court indicated that the north right-of-way line marked the northern boundary of Gaston’s property. However, neither the 1984 deed nor the description found in the 1984 deed is recorded in Deed Book 299, page 711. Instead, a deed from Gaston’s parents to Gaston is recorded in Deed Book 299, pages 711-13. That deed conveys to Ga-ston several parcels of property, including (1) “[t]he Northwest quarter of Southwest quarter of Section 23, Township 6 South, Range 10 West,” with the exception of a small tract on that parcel that Gaston had previously acquired; and (2) “[t]he NE 1/4 of SW 1/4 of Section 23, Township 6,
 
 *1160
 
 Range 10 West.” That is, the deed recorded in Deed Book 299, pages 711-13, establishes
 
 the quarter-section line
 
 as the northern boundary of Gaston’s property. Conversely, if one uses the description found in the 1984 deed to establish the northern boundary of Gaston’s property,
 
 the north right-of-way line
 
 marks the northern boundary of Gaston’s property.
 

 Accordingly, because the trial court’s amended judgment references both the description found in the 1984 deed and the description found in the deed recorded in Deed Book 299, pages 711-13, it is unclear where the trial court has established the northern boundary of Gaston’s property.
 
 [1]
 
 A judgment establishing the north right-of-way line as the northern boundary of Gaston’s property,
 
 ie.,
 
 a judgment using the description found in the 1984 deed, would indicate that Gaston has acquired property north of the quarter-section line by adverse possession.
 
 [2]
 
 However, a judgment establishing the quarter-section line as the northern boundary of Gaston’s property, ie., a judgment citing the description found in the deed recorded in Deed Book 299, page 711-13, would indicate that Gaston has not acquired property by adverse possession. “ ‘[Questions of adverse possession are questions of fact properly determined by the trier of facts.’”
 
 Moorehead v. Burks,
 
 484 So.2d 384, 385 (Ala.1986) (quoting
 
 Casey v. Keeney,
 
 290 Ala. 94, 98, 274 So.2d 68, 71 (1973)).
 

 Because it is unclear where the trial court established the northern boundary line of Gaston’s property, we reverse the judgment as to that issue and remand the case with instructions that the trial court clarify the location of that boundary line.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . We note that the trial court’s amended judgment clearly establishes the southern boundary of Smith's property.
 

 [2]
 

 . We note that the 1984 deed established the north right-of-way line as the southern boundary of the
 
 eastern
 
 portion of
 
 Smith's
 
 property. Using the description found in the 1984 deed to establish the northern boundary of Ga-ston's property would seem to establish the northern boundary of only the
 
 eastern
 
 portion of Gaston's property in the southwest quarter of section 23.