234 So.2d 545

**Walter E. PRESTWOOD, Sr., et al.**

v.

**Richard C. HUNT et al.**

**7 Div. 830.**

Supreme Court of Alabama.

March 26, 1970.

Rehearing Denied May 15, 1970.

Morring, Giles, Watson & Willisson, Huntsville, for appellants.

J. C. Kellett and Richard C. Hunt, Fort Payne, for appellees.

SIMPSON, Justice.

The complainants below (appellees) filed a bill seeking an injunction to restrain respondents (appellants) from cutting timber on land alleged to be the property of the complainants. The respondents filed a cross-bill asking the court to find that the respondents were the owners of the land in question by adverse possession. The complainants alleged that they owned the property by reason of recorded deed.

The trial court heard the evidence and made the following findings and entered a final decree, which will supply the factual background necessary for a decision herein:

"This cause is submitted on testimony taken orally before the Court, an inspection of the land in question, and the file as noted by the Register.

"The land in question concerns 40 acres located in the City Limits of Fort Payne, Alabama, and properly described as the Southeast Quarter of the Southeast Quarter in Section 32, Township 6, Range 9 East of the Huntsville Meridian. The property has also been platted and is known as the Woodlawn Addition to the City of Fort Payne, Alabama, and at one time was known as the Liles Addition to the City of Fort Payne, Alabama. The Court finds that all of these descriptions properly fit the property, but that the property was never known in recent years as the Liles Addition, but was properly referred to as the Woodlawn Addition to the City of Fort Payne, and that the Woodlawn Addition is the more accepted description as it now stands.

"This case was commenced by the filing of a bill by the Complainants, seeking to enjoin the Respondents from cutting timber from the property. The Respondents by way of a cross-bill seek to have the Court declare ownership to the property in them by reason of adverse possession. The Complainants then by way of an answer to the cross-bill and by further cross-bill plead that they owned the property and set up a chain of record title in themselves.

"The Court at the request of the Respondents and by agreement of the Complainants made a visual inspection of the 40 acres in question and walked over and around the boundaries of the property. The Court finds that the property is a heavily wooded area which runs up the side of a ridge. Through the center of the property runs a deep ravine. There are no roads on the property except a dirt road which was established in recent years as an extension of Gault Avenue and which crosses the property on the south corner. The Court finds that the property might best be described as mountain land or wild land. There are no buildings or constructions on the property and the Court found no evidence of anyone ever attempting to inhabit the property. There are numerous old fences throughout the 40 acres but these fences do not appear to be boundary fences.

"The Court finds from the testimony that Complainant Richard Hunt holds the record title to Lots I through 14, Block 1; Lots 1 through 18, Block 3; Lots 1 through 16, Block 7; and one-fifth interest in Blocks 2, 4, 5, 6, and 8 through 12 of the Woodlawn Subdivision. The Court further finds that Complainant Hunt has, or his predecessors in title, have assessed and paid taxes on this property and claimed it as their own for over forty years.

"This Court further finds that Complainants, Dobbsie Gilbert and Nancy Kate Slaughter hold the record title to a four-fifths interest in Lots 1 through 18, Block 4; and Lots 1, 2 and Lots 4 through 16 of Block 6 of the Woodlawn Subdivision, and that these Complainants, or their predecessors in title have claimed the property and paid taxes on it for fifty years.

"The Court further finds that the Complainant Willinette E. Gideon holds the record title to a four-fifths interest in Lots 1 through 16, Block 5 of the Woodlawn Addition and that she, or her predecessors in title have claimed the property and paid taxes on it for fifty years.

"The Court further finds that Complainants, Lilly Fuller, Beulah Fuller, Josephine Fuller, Mrs. Gertrude Fuller Owen, and Mrs. Fannie Fuller Nelson, and the children of Charles Houston Fuller, Complainants Margaret F. Kelly and Davenport Fuller are the holders of record title of a four-fifths interest in Lots 1 through 16, Block 2, and Lots 1 through 7, Block 12 of the Woodlawn Subdivision and that they or their predecessors in title have claimed the property and paid taxes on it for fifty years.

"The Court further finds that the Respondents, who owned the adjoining land to the east of this property, began assessing the property for taxes in 1946 and though they can produce no record title or any color of title to the property claim that the property was owned by their father W. W. Prestwood, deceased. The Court can find no evidence that W. W. Prestwood ever assessed the property in question. The Respondents presented testimony from former tenants of W. W. Prestwood that they understood the property to be the Prestwood property in the early 1930's. The Respondents have further produced testimony that they cut some timber from the property from time to time and that they and their father had some cattle on the property. Though there is a good bit of testimony concerning fences being erected on the property, the Court is not convinced that any of these fences were boundary fences or that the entire 40 acre tract was ever completely fenced in for the purpose of establishing ownership.

"The Court further finds that most of the Complainants to this action are non-residents of Fort Payne, and that with the exception of Complainant Hunt none of them or their predecessors in title have spent many years residing in DeKalb County. Considering the character of the land in question, this Court does not feel that the law places any burden upon these Complainants to go down upon the land or to perform any acts of ownership other than pay taxes upon it. In fact, as there was no

road upon the property until recent years, it would have been difficult for any of them to have physically gone upon the property or about it.

"The Court further finds that the Respondents to this action had knowledge that their claim of adverse possession was in dispute for in 1952 they brought an action against all Complainants to this suit, except Complainant Hunt, seeking to have the Court designate them the lawful owners of this same tract of land. This suit was dismissed by them in April 1, 1955, and no appeal was ever taken. The Complainants in this action who were Respondents in that original suit, contend that the Respondents in this action are estopped under Equity Rule 75 from maintaining any further action against them. The Court feels that this contention has merit, but choses to consider the case on the merits rather than on legal technicalities and it not basing its decision on Rule 75.

"The entire testimony considered, the Court is of the opinion that the acts of possession performed by the Respondents though they may have been sufficient to establish title against a non-record owner were not sufficient to reach the dignity of a [sic] open, clear, hostile, adverse claim against all the world sufficient to constitute adverse possession against a record title, and that their claim must fail as to that portion of the property to which a record title has been produced. The Court does find, however, that a four-fifths undivided interest in Lot 3, Block 6, Lots 8 and 9, Block 12, and Blocks 8, 9, 10, and 11 were not claimed by any of the Complainants in this action and that there appears to be no owner of record title to this property. The remaining one-fifth interest in these lots and blocks has been claimed by Complainant Hunt. The Court is, therefore of the opinion that as the Respondents have paid taxes on this unclaimed interest for the prescribed amount of time and exercised a certain amount of ownership that this unclaimed four-fifths interest should be awarded to the Respondents by virtue of adverse possession.

"It is therefore ordered, adjudged and decreed as follows:

"1. That the Woodlawn Addition of the City of Fort Payne, Alabama; the Liles Addition to the City of Fort Payne, Alabama, and the Southeast Quarter of the Southeast Quarter of Section 32, Township 6, Range 9 East of the Huntsville Meridian located in DeKalb County, Alabama, are one and the same tract of land consisting of 40 acres, more or less; and that said tract of land is hereby designated as the Woodlawn Addition to the City of Fort Payne, Alabama.

"2. That Complainant Richart Hunt is hereby declared to be the owner of Lots 1 through 14 of Block 1; Lots 1 through 18 of Block 3; Lots 1 through 16 of Block 7 of the Woodlawn Addition to the City of Fort Payne, Alabama, and he is declared to be the owner of a one-fifth undivided interest in Blocks 2, 4, 5, 6 and 8 through 12 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"3. That the Complainants Dobbsie Gilbert and Nancy Kate Slaughter are each declared to be the owner of a two-fifths undivided interest in Lots 1 through 18 of Block 4 and Lots 1 and 2, and 4 through 16 of Block 6 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"4. That Complainant Mrs. Willinette E. Gideon is declared to be the owner of a four-fifths undivided interest in Lots 1 through 16 of Block 5 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"5. That the Complainants Lilly Fuller, Beulan Fuller, Josephine Fuller, Gertrude Fuller Owen and Fannie Fuller Nelson are each declared to be the owner of a two-fifteenth undivided interest in Lots 1 through 16 of Block 2, and Lots 1 through 7 of Block 12 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"6. That Complainants Margaret F. Kelly and Davenport Fuller are each declared to be the owner of a one-fifteenth undivided interest in Lots 1 through 16 of Block 2, and Lots 1 through 7 of Block 12 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"7. That Respondents W. E. Prestwood, W. D. Prestwood, May Brown, Edith Massey, C. D. Prestwood, Richard Prestwood and Robert Prestwood, are each declared to be the owner of an undivided four-thirty-fifth interest in Lot 3 of Block 6, Lots 8 and 9 of Block 12, and Blocks 8, 9, 10, and 11 of the Woodlawn Addition to the City of Fort Payne, Alabama.

"8. That the widow of W. W. Prestwood, Bessie Prestwood, has no interest in said property.

"9. That the Respondents to this action are hereby permanently enjoined from entering upon the land of the Complainants upon which they have no interest for the purpose of interfering with the Complainants' peaceful possession of land, or for the purpose of cutting timber on said land. On the land which the Respondents own an undivided interest the Respondents are enjoined from cutting timber on said land without permission of all cotenants."

It is from this decree that the respondents appealed. It is their contention on appeal that the decree of the trial court is wrong in the following particulars:

1. In its finding that the property is wild land;

2. In its finding that the SE ¼ of the SE ¼ of Section 32, Township 6, Range 9 East, and Woodlawn Addition are one and the same;

3. In its finding that the respondents own land adjoining on the east of the land in suit;

4. In its finding that the law places no burden on complainants to go upon the land;

5. In its finding that varying degrees of possession are necessary to establish title by adverse possession against a record title holder and non-record title holder.

■ We are not quite certain what the appellants expect to take by some of these contentions. Suffice it to say that under the law in Alabama to divest the appellees as the holders of legal title to the land in question for many years, on a claim of adverse possession, the appellants had the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705.

■ We have read the evidence presented below. We cannot disagree with the trial court that the appellants failed to establish by the evidence title in themselves by adverse possession. Some witnesses testified that firewood had been cut from the land from time to time, others testified that it was known by reputation as Prestwood land, some testified that Prestwoods had grazed a few cattle on it from time to time. We do not think this testimony rises to the standard required to divest record title holders of land on the theory of adverse possession.

■ ■ Here the appellants did not refute perfect record title in the appellees. They contended that their title by adverse possession was superior to that record title. Adverse possession becomes a perfect title on the theory that the true owner has by his own fault and neglect failed to assert his right against the hostile holding, but all presumptions and intendments are favorable to the title, and possessions are not presumed to be hostile thereto. White v. Williams, 260 Ala. 182, 69 So.2d 847;

Stewart v. Childress, 269 Ala. 87, 111 So.2d 8.

■■ We are also persuaded that the trial court's decree must be affirmed here on the principle that where the evidence is taken ore tenus, and is conflicting, every presumption is indulged in favor of the findings made below. There is nothing here to support a charge that the finding is palpably erroneous. On the contrary, there is overwhelming evidence in support of the trial court's finding, including its finding that the land involved was "wild land", that it is sometimes known by its "plat" name and is the same as the governmental survey designation.

Having carefully reviewed all of the evidence available to us, and we are without benefit of many charts and diagrams used by various witnesses below, we must conclude that the decree appealed from is due to be affirmed for the reasons we have stated.

Affirmed.

LIVINGSTON, C. J., and BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs with result.