317 So.2d 487

Evelyn L. **KIMBRELL** et al.

v.

William Archie **ALLRED.**

SC 760.

Supreme Court of Alabama.

Aug. 21, 1975.

Hogan, Smith & Alspaugh, and John F. Kizer, Jr., Birmingham, for appellants.

Jack Martin Bains, Oneonta, for appellee.

ALMON, Justice*.

This action was brought by William Archie Allred, appellee, against Evelyn L. Kimbrell et al., appellant, to have a disputed land line established. The trial court, after taking evidence ore tenus, ruled in favor of appellee.

In brief appellant cites only one case, *Prestwood v. Hunt,* 285 Ala. 525, 234 So.2d 545, for the proposition that merely grazing cattle on land from time to time does not constitute adverse possession. For a better understanding of this cause we refer to the court's final decree from which we quote in pertinent part:

". . . The Court finds that the Plaintiff [Appellee] insisted that the property line between the parties was a fence that follows the old 'big branch', and the Defendant [Appellant] insisted that the property line was a fence recently erected that follows the new 'big branch', the Court finds that the old original 'big branch' was the boundary line between the property of the Plaintiff [Appellee] and the Defendant [Appellant] as far back as 1890 and referred to in the deeds of the previous owners of both property; That as early as the 1920's a fence was placed on the property between the present property of the Plaintiff and Defendant, and that Plain-

---

* This case was originally assigned to another Justice formerly on this Court and reassigned to the writer.

**358**

tiff and his predecessors have maintained said fence, recognized said fence as the boundary line; and that said fence has run along the old 'big branch' for over 40 years and has been used to keep animals in the same, and that the Plaintiff and his predecessors have been in the open, notorious, continuous and adverse possession of the property up to the old original 'big branch' during all of these years . . . .

The Court further finds that the true boundary and property line between the parties hereto is the fence that follows the old original 'big branch' which still stands on the property at the present time and has been on the same for over 40 years."

Mr. Clyde Gilliland, appellant's predecessor in title, testified that he acquired the property with the understanding that the old big branch was the true property line. Furthermore, a copy of an abstract showed that as far back as 1890 deeds to the property in question referred to the big branch as the boundary line.

Appellant claims the property line to be a ditch or branch of more recent vintage which was constructed by the W.P.A. during the Depression and further claims that appellee's evidence of adverse possession is insufficient citing *Prestwood v. Hunt,* supra. *Prestwood* involved property described as "mountain or wild land." There were no improvements on the property and the court found no evidence of anyone attempting to inhabit the property. In this case, as early as the 1920's a fence was placed on the old big branch line and has been used to contain cattle. We consider *Prestwood* inept authority for this case and further we are of the opinion there was ample evidence to support the trial court's ruling.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.