This is a boundary line dispute. The parties are adjoining landowners. The Fishing Club bases its claim on record title, and on the fact that from 1913, the Club or its predecessors in title, had paid the taxes on the property. The Knowles claimed title by adverse possession. They contended that a fence marked the true boundary line and that they had for more *Page 254 
than forty years exercised control over all the land lying east of the fence, including the disputed portion.
The evidence shows that the subject property is densely wooded. A civil engineer prepared a plat of the property in 1933 and placed iron pins on the property, which the trial judge found "remained in place on the dividing line . . . until after this suit was filed in this case, and that F. Porter Knowles, one of the defendants, admitted pulling said iron pins up and removed them from said locations where they had been placed by said Hugh McMath (civil engineer) at said locations which had been the dividing line insofar as the plaintiff (Fishing Club) was concerned between the parties hereto without any notice from the defendants that they claimed any lands to which the plaintiff had deeds thereto West of said line. . . ."
There was evidence introduced by the Knowles that they had cut and sold timber from the disputed parcel on at least two occasions during the past 30 years. There was also evidence that the Knowles grazed cattle upon the land from time to time.
The trial court found, upon consideration of the evidence, that the Knowles had failed to establish title by adverse possession.
Under the law of Alabama, a person claiming title by adverse possession against the holder of the legal title, has the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. Prestwood v. Hunt, 285 Ala. 525,234 So.2d 545 (1970). As this Court there said:
 "* * * Adverse possession becomes a perfect title on the theory that the true owner has by his own fault and neglect failed to assert his right against the hostile holding, but all presumptions and intendments are favorable to the title, and possessions are not presumed to be hostile thereto. White v. Williams, 260 Ala. 182, 69 So.2d 847; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8.
 "We are also persuaded that the trial court's decree must be affirmed here on the principle that where the evidence is taken ore tenus, and is conflicting, every presumption is indulged in favor of the findings made below. There is nothing here to support a charge that the finding is palpably erroneous. On the contrary, there is overwhelming evidence in support of the trial court's finding, including its finding that the land involved was `wild land', that it is sometimes known by its `plat' name and is the same as the governmental survey designation."
The factual setting in Prestwood and in this case are somewhat similar. We reach the same result here as this Court did in Prestwood.
AFFIRMED.
HEFLIN, C.J., and MERRILL, JONES and SHORES, JJ., concur.