BLOODWORTH, Justice.
Appellants, William and Effie Blackwell, appeal from a judgment in a land line dispute which was decided adverse to them and in favor of appellees, Wade and Joyce Harris, the adjoining land owners. Appel-lees filed suit contending that they had acquired title by prescription to the disputed tract. Appellants answered appellees’ *8 complaint and filed a counterclaim, following an unsuccessful motion to dismiss. Appellants claim by deed, appellees by prescription to a certain fence line. Issue was joined. Following an ore tenus hearing, the trial judge personally inspected the premises after which judgment was entered for appellees. Appellants’ application for rehearing and/or motion for new trial and/or judgment notwithstanding the verdict was denied.
On this appeal, appellants contend: that the judgment is contrary to both the law and the facts; that appellees’ possession of the disputed area was neither continuous nor adverse for the requisite statutory period, and, therefore, appellees could not have acquired title by prescription; that appellants did not have actual notice of the ap-pellees’ hostile claim as required by law; that the judgment is null and void insofar as the land is not adequately described in the judgment; and, that the trial court improperly admitted and considered certain evidence.
Appellees’ primary argument is based on an application of the ore tenus rule, which, they contend, is especially appropriate here since the trial judge personally inspected the premises. We agree.
This is the classic case with which this Court has been confronted many, many times, the fence line v. a quarter section line — the adverse possessor v. the record title holder.
Because of earnest insistence of counsel, we have carefully read and studied the briefs, the issues raised on appeal, the pertinent cases, and portions of the evidence, and must conclude that this is an ore tenus case in which the trial judge must be affirmed. It would serve no useful purpose, in our view, to write anything further.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.