This is a boundary line dispute between coterminous landowners involving an area of land approximately 40 feet by 267 feet. The parcel is in a rural part of the county, is wooded, and is not under cultivation. Appellant, who was joined as a plaintiff, claimed the strip by adverse possession. The defendant, Rosa Kraker, based her claim upon a deed from her predecessors in title. The case was heard before a jury, which returned a verdict for the defendant, Kraker. The trial judge denied plaintiff's motion for a new trial. The party joined as a plaintiff appeals. We affirm.
The action was commenced by Billy Jo McIntosh and Opal McIntosh against the defendant-appellee, Rosa Kraker. Appellant, Mildred Casey, was joined as a plaintiff after commencement of the lawsuit.
This controversy arose when the McIntoshes concluded that Kraker could not convey the title contracted in a contract of sale, because she had previously conveyed some of the tract to Howard and Mamie Lovett. The McIntoshes had moved a trailer onto the lot and had made other improvements. There appeared to be some uncertainty over the correct property line between the Lovetts and the McIntoshes. Also, Casey persisted in claiming that the trailer was on her land and that the McIntoshes were, in her words, "Squatters." The McIntoshes filed the lawsuit to rescind the contract of sale, alleging the above deficiencies in their vendor's title and Kraker's inability to convey to them good and clear title. Appellant Casey was joined as a party to this lawsuit pursuant to a motion filed by the plaintiffs under Rule 19, ARCP, because Casey claimed an interest in the property based upon a claim of adverse possession to a strip of land with dimensions of approximately 40 by 267 feet, bordered on the north by an old fence line.
During the trial, Casey produced evidence that as early as 1920, this fence was recognized as the boundary line between the parties' predecessors in title. Some witnesses who had known the area for many years testified that the fence was generally thought to be the property line. There was also evidence that this fence was no longer in existence but that an old fence had been removed from the lot by the McIntoshes when the land was cleared.
When the controversy arose, Kraker had a person to survey the Lovett's land, the land described in the contract of sale, and the land which Kraker retained. The survey was made by one Ed Rogers, an employee of Baldwin Engineering and Surveying Company. Although Rogers was not a registered surveyor, he testified that he had done survey work for a railroad and had worked for the Alabama Highway Department for twelve years before being employed with the Baldwin County company. Rogers testified that he worked under the *Page 1042 
direct supervision of David Beasley, who had checked Rogers' notes and plats and signed his survey. It appears that, with only minor deviations, the area claimed by Kraker coincided with the description in the deed which Rogers used to conduct the survey.
The evidence does not show that there were any improvements on the disputed parcel other than those made subsequent to the McIntoshes' occupation. Neither was there any evidence that the conflicting claimants or their predecessors in title had cultivated the land or put it to any other particular use. Kraker, on the other hand, testified that until she had contracted to sell the tract to the McIntoshes, she had been content to let the timber grow.
After considering the above evidence, the jury returned a verdict for the defendant Kraker, and against both the McIntoshes and the third party plaintiff, Casey. It also set the east-west half section line as the boundary line between the Casey and Kraker lands. Casey alone appealed to this Court.
Casey's only contention on appeal is that the evidence and testimony adduced at trial does not support the jury verdict with regard to the boundary line determination and that the verdict on this issue is contrary to the applicable law.
In an adverse possession case, the burden of proof rests upon the party who asserts it, Ratcliff v. Giorlando, 343 So.2d 506, Ala.Sup. (1977), to prove that the possession is actual, hostile, open, notorious, exclusive and continuous for the statutory period. Smith v. Claybrook, 349 So.2d 1087, Ala.Sup. (1977). This is a heavy burden requiring substantial evidence. Every presumption is in favor of the holder of the legal title.Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970); there is no presumption against the holder of the legal title. Jones v.Mitchell, 258 Ala. 651, 64 So.2d 816 (1953).
In the case before us, the evidence presented by Casey was not substantial. She did present evidence that there existed at one time an ancient fence running along what she asserted to be the boundary line. She also presented evidence that this fence was known by reputation to mark the boundary line, but this was substantially all the evidence she presented to overcome thestrong presumptions in favor of the record title holder, Kraker.
In Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970), this Court held that this Court could not find the trial court in error where it ruled against the party claiming by adverse possession in the face of evidence that they had cut firewood from the land, that they had occasionally grazed cattle thereon and that the land was known by reputation to be owned by the adverse claimants. Justice Simpson, writing for the Court, stated that this evidence did not rise "to the standard required to divest record title holders of land on the theory of adverse possession." Supra, at 530, 234 So.2d at 549.
We are of like opinion in this case. We do not believe that the appellant has carried her burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse, and exclusive possession by clear and convincing evidence.
Our conclusion is considerably strengthened by the fact that the jury returned a verdict adverse to the appellant, and by the fact that the trial judge refused to grant a new trial. In Alabama, adverse possession is considered to be a question of fact, Barnett v. Millis, 286 Ala. 681, 246 So.2d 78 (1971), which is properly determined by the trier of fact and whose determination, made upon evidence taken orally, "is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust." Supra, at 684, 246, So.2d at 80. Butts v. Lancaster, 279 Ala. 589,188 So.2d 548 (1966). Here, the jury and the judge saw the witnesses and heard their testimony. This Court has stated many times that verdicts are presumed to be correct, S.S. Kresge Co.v. Ruby, 348 So.2d 484, Ala.Sup. (1977), and this presumption is strengthened by the denial of a *Page 1043 
motion for a new trial. Edmondson v. Blakey, 341 So.2d 481, Ala.Sup. (1976).
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and BEATTY, JJ., concur.