JONES, Justice.
Appellant, Vernon Jordan, brings this appeal from a decree fixing the boundary line between his property and that of Appellee, Robert Miller. Jordan challenges the trial Court’s finding that the parties treated a fence between the properties as a boundary for a period in excess of ten years. The property in dispute in this case lies between the quarter section line described in both Jordan’s and Miller’s deeds as being the boundary line and a fence erected by Jordan and his family. This fence is built on property described in Jordan’s deed at a distance of about sixteen feet from the quarter section line.
Jordan alleges that, in about 1940, he and his family constructed this fence to contain livestock; and, because he was not sure as to the true boundary line, he built this fence back away from the true line in order to have room to repair his fence without trespassing on his neighbor’s property.
Shelly Lee, the father-in-law of Miller, acquired title to Miller’s property by conveyance in about 1949. Jordan rented this property from Lee from about 1959 until 1964. Beginning in 1965, Jordan continuously rented this property from Miller until 1972.
Lee conveyed Miller his property in 1954, retaining a life estate in himself. In 1966, Miller purchased Lee’s life interest. This action was filed in August of 1976.
The dispositive issue in the ease is whether the Circuit Court erred in its finding that the parties treated the fence between the properties as a boundary line for a period in excess of ten years. Specifically, the trial Court found that Miller has owned his property for over ten years and that the parties have treated the fence between the properties as the boundary line for a period in excess of ten years. The trial Court made further findings that Miller has held actual possession of the property, up to the fence in question, under claim of right, believing that he was holding the true line.
In the very recent case of Blackwell v. Harris, 354 So.2d 7, (Ala.1978), this Court pointed out the importance of the ore tenus rule in the classic case involving “the fence line v. a quarter section line — the adverse possessor v. the record title holder.” After a careful study of the record, briefs and applicable law in this case, we must conclude that this is an ore tenus case and due to be affirmed.
The record is clear that Miller used and occupied the property in question and treated the property as his own for the requisite ten-year period. Jordan, by his own admission, states that he never used or occupied the strip in question except during the time he rented Miller’s field from Miller or Miller’s predecessor in title. The record further shows that Miller also leased his property to another tenant who farmed the property as close to the fence line as possible and that Jordan never objected to this use of the property. We think that this and other evidence in the record clearly support the trial Court’s finding.
It is important to note that this is not a case involving the problem of “tacking of possession” because the trial Court correctly found that Miller had possessed the disputed strip of property for the requisite ten-year period, without reference to the years Miller’s predecessor in title possessed the property. Earlier Alabama cases, however, pose an additional barrier: For example, McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160 (1954), established that where a party claiming ownership through his predecessor’s adverse possession for the requisite period, but title had not been conveyed to *1082 the claimant, then title to the disputed strip of property remained in the grantor. This meant the parties in the instant case could not be considered coterminous owners and the complaint would have to be dismissed for lack of a real party in interest — the claimant’s grantor.
This proposition of law espoused in McNeil has been effectively overruled by the recent case of Watson v. Price, 356 So.2d 625 (Ala.1978), which allows tacking of periods of possession by successive possessors against the coterminous owner seeking to defeat such title, unless there is a finding that the claimant’s predecessor in title did not intend to convey the disputed strip. Here, the trial Court made no such finding; and, indeed, all reasonable inferences from the evidence are to the contrary. As a practical matter, then, the Watson rule allows the trial Court, consonant with its findings of the other requisite elements, to enter a decree finding title in the adverse possessor without joining as a party in interest the claimant’s predecessor in title.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J. , and MADDOX, J., dissent.