This is an appeal from a judgment in the Circuit Court of Lauderdale County determining a boundary line dispute and granting prescriptive public easement rights in a road in favor of plaintiffs, Harvey Robbins and George Pillow, Jr.
The facts are lengthy and hotly contested. In 1965, defendant Darby purchased the land known as the Adams tract and is the present owner. Plaintiffs, Robbins and Pillow, are the present owners of the land known as the Baker tract, purchased by them from Virginia Baker in 1978. The Baker property consists of three parcels, A, B, and C, respectively, from north to south, bounded by Wilson Lake on the east and bounded by Darby's land, the Adams tract, on the west. This suit involves the determination of the boundary line between the Adams and Baker tracts and of the right of public access to the Baker property across the Adams tract. *Page 723 
The recorded chains of title to both properties place the boundary line at the section line between Sections 4 and 5, Township 3 South, Range 10 West, with the Adams tract in Section 5 and the Baker tract in Section 4. Plaintiffs, Robbins and Pillow, contend that the true boundary line is a thirty-year-old fence located over on the Adams tract, west of the section line purportedly dividing the two properties. The fence runs the length of parcels A and B of the Baker tract, but does not extend along tract C.
Robbins and Pillow further contend that their predecessor in title purchased the Baker tract in the early 1950's relying upon the Collier survey which they contend has the section line and the thirty-year-old fence line in the identical position. Moreover, Mrs. Baker stated in her sworn affidavit that she and her husband had been in possession and control of the disputed strip during their entire period of ownership of the Baker tract, and that they had continually claimed up to the fence.
Darby, however, claims the section line as the true boundary line. He contends that the Collier survey was made in 1958, several years after Baker had purchased the property, and that the survey refers only to the section line with no mention of the fence. The fence was constructed by Darby's predecessor in title and Darby has maintained the fence.
The evidence is clear that the disputed strip is thickly wooded. Plaintiffs elicited testimony to the effect that Baker and his tenants had adversely possessed to the fence through acts of woodcutting, mowing, and exploring paths throughout the area. Darby introduced testimony that his cattle had grazed on the strip and that his sons had hunted on it.
The disputed road runs across Darby's pasture (Adams tract), entering its western end through a gate and ending east of the disputed fence. As to the nature of the road (public v. private), plaintiffs offered testimony to the effect that numerous public servants (meter men, mailmen, utility men, etc.) used the road regularly for access to the Baker tract, members of the public used the road to get to the points for recreational purposes, the county regularly graded the road, the gate was more often open than closed, and the road itself was 18 to 20 feet wide.
Darby introduced evidence to the effect that the use of the road was permissive and that Baker was aware of the permissive use. A retired county and state highway engineer testified that it was policy not to cross a cattle gap unless the gap was constructed across a public road, in which case workers were instructed to "blade it out" if owners failed to remove the gap after notification. Darby's gap was never bladed out. Darby introduced further testimony that the actual used or traveled portion of the road was only 8 to 10 feet wide.
On July 17, 1979, plaintiffs filed suit alleging that the road through the Adams tract is a public road and that the fence line is the boundary between the two tracts. After numerous motions and hearings and after a "view" by the trial judge, the court found for plaintiffs and entered judgment. Darby appeals. This Court granted a stay of judgment pending appeal.
The trial court made specific findings of fact and entered judgment accordingly. We quote, in pertinent part, the lower court's findings and judgment:
 4. It is undisputed that there is now an access road, referred to by various terms such as "road," "pig trail," "pasture lane," "field road," "trail," and "path," across the Adams property to the Baker property. Aerial photographs in evidence indicate the existence of some sort of access road across the Adams property to the Baker property as early as 1934. This road had been used for access by the owners of the Baker property, persons leasing the Baker property, guests, and invitees. This road has been used by mail carriers, garbage collectors and meter readers. This road has been graded on occasions by employees of the state or county road departments. The Court specifically finds that this road has been in existence and use by members of *Page 724 
the public, as well as the owners of the Baker property, for over forty years.
 5. The road across the Adams property to the Baker property is eighteen feet wide, including any necessary ditches.
 6. Prior to Pillow and Robbins obtaining the Baker property, the record title of the boundary line between the Baker property and the Adams property was the section line dividing Sections 4 and 5, in Township 3 South, Range 10 West, Lauderdale County, Alabama. A fence was constructed in the early 1950's by a Mr. Buffler who leased the Adams property. This fence ran generally north and south, but it was situated to the west of the section line between sections 4 and 5.
. . . .
 9. On tracts A and B of the Baker property the Court finds that the plaintiffs, Pillow and Robbins, and their predecessors in interest, had the open, notorious, adverse, hostile, continuous and peaceful possession of the property from Wilson Lake to the Buffler fence for more than twenty years preceding the filing of this action.
 10. On tract C of the vacant property the Court finds that the boundary line is the section line between Sections 4 and 5 in Township 3 South, Range 10 West, Lauderdale County, Alabama.
 Therefore, it is ORDERED, ADJUDGED, and DECREED as follows:
 1. The Court declares that the boundary line between the Adams property, owned by the defendant E. H. Darby, and the Baker property, owned by the plaintiffs, Harvey F. Robbins and George D. Pillow, Jr., is the old fence line along tract A and tract B of the Baker property. The Court further declares that the boundary line between the parties along tract C of the Baker property is the section line dividing Sections 4 and 5 in Township 3 South, Range 10 West, Lauderdale County, Alabama.
 2. The Court reserves the right to appoint a registered land surveyor, not previously testifying as a witness in this cause, to make a survey of the lines in question and to present to the Court the correct legal description of the fence along sections A and B of the Baker property and of his or her opinion as to the correct location of the section [line] between Sections 4 and 5 in Township 3 South, Range 10 West, Lauderdale County, Alabama, along tract C of the Baker property.
 3. The road serving the plaintiffs' property across the Adams property, owned by the defendant E.H. Darby, is a public road, the plaintiffs have a right to free access, use and maintenance of this road. Further, the Court declares that the road has a maximum width of 18 feet including its travel portion and any ditches or shoulders. The defendant is enjoined and restrained from interfering with the use, maintenance and upkeep of the road and free passage of the plaintiffs and members of the public over such road.
As evidenced by the preceding discussion, the parties are in complete disagreement as to the facts and applicable law. Counsel for both sides have favored us with excellent briefs — both in factual summary and legal analysis. As Justice Bloodworth aptly pointed out in Blackwell v. Harris,354 So.2d 7 (Ala. 1978): "This is the classic case with which this Court has been confronted many, many times, the fence line v. aquarter section line — the adverse possessor v. the recordtitle holder."
Considering the nature of this case, therefore, we conclude, on the authority of Casey v. Keeney, 290 Ala. 94, 274 So.2d 68
(1973), set out in pertinent part below, that the ore tenus rule is applicable:
 Although there was a conflict in the testimony in regard to some of the findings of the trial court, there was testimony to support all of the court's findings in regard to appellee's possession of the land in dispute.
 The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts, and that the determination so made, where the *Page 725 
evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust.
. . . .
 Moreover, as mentioned before, the trial court in accordance with permissible practice, made a personal inspection of the property before making its finding of fact. Hence, the decree is reviewed here as if it were a verdict of a jury, not to be disturbed unless it is plainly and palpably contrary to the weight of the evidence. [citations omitted]
The preceding authority applying the ore tenus rule is equally dispositive of the prescriptive public easement issue.
In view of our preceding holding, we find it unnecessary to address separately each contention raised by counsel for appellant Darby. Two issues in particular merit attention. First, contrary to Darby's contentions, a fence does not have to be constructed and maintained by the party claiming by adverse possession in order to be an outstanding symbol of possession. Jordan v. Miller, 361 So.2d 1080 (Ala. 1978). Second, Darby's contentions that the ore tenus rule should not be applied because of alterations to the property between the time suit was filed and the time the judge viewed the property are without merit. There is no evidence of any abuse of discretion by the judge.
AFFIRMED.
MADDOX, JONES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., dissent.