I cannot agree with the majority's handling of the issue in this case concerning "the fence line v. a quarter section line— the adverse possessor v. the Record title holder." The parties in this case are coterminous landowners. This case involves the erection of a fence on a line different from the section line. The variance, however, between this "fence" case and other "fence" cases is that this fence was not erected by the claimant but by defendant's predecessors and that both parties put the disputed section "to such use or exercise[d] such dominion over it as in its present state it is reasonably adapted. . . ." James v. Mizell, 289 Ala. 84, 88, 265 So.2d 866
(1972).
"In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years." Kerlin v. Tensaw Land Timber Co., Inc.,390 So.2d 616, 618 (Ala. 1980). In the case at hand, there is no evidence of agreement nor, do I believe, sufficient evidence of adverse possession.
The majority relies on Jordan v. Miller, 361 So.2d 1080 (Ala. 1978), to counter appellant's (defendant's) argument that the evidence presented by the appellees (claimants) was insufficient to prove actual or exclusive possession by the appellees. Jordan dealt with a situation where the owner, not sure of the true boundary line, built his fence back away from the true line. Unlike the case at bar, the landowner in Jordan
never used or occupied the strip in question. Jordan v. Miller, 361 So.2d at 1081. Appellant and appellee, contra to Jordan, each admit that the other made use of the land and that, due to the section being a densely wooded area, neither party occupied the strip of land in question.
In Knowles v. Golden Stream Fishing Club, Inc.,331 So.2d 253, 254 (Ala. 1976), this Court stated:
 Under the law of Alabama, a person claiming title by adverse possession against the holder of the legal title, has the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970).
In addition, as stated in Pendley v. Pendley, 338 So.2d 405,407 (Ala. 1976): *Page 726 
 The Alabama rule is consistent with the general rule as stated in Tiffany, The Law of Real Property, Third Edition Abridged, § 550, pp. 480-481:
 To enable one to acquire title by adverse possession his possession must be hostile to the true owner and must be under a claim of right and must exclude any recognition of the rights of the true owner. Intention is of prime importance. Intention to hold adversely must exist for the entire statutory period.
This Court has consistently required evidence of adverse possession. The burden of presenting this evidence is on the party claiming possession in opposition to legal title.
 In an adverse possession case, the burden of proof rests upon the party who asserts it, Ratcliff v. Giorlando, 343 So.2d 506, Ala.Sup. (1977), to prove that the possession is actual, hostile, open, notorious, exclusive and continuous for the statutory period. Smith v. Claybrook, 349 So.2d 1087, Ala.Sup. (1977). This is a heavy burden requiring substantial evidence. Every presumption is in favor of the holder of the legal title. Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970); there is no presumption against the holder of the legal title. Jones v. Mitchell, 258 Ala. 651, 64 So.2d 816 (1953).
Casey v. McIntosh, 361 So.2d 1040, 1042 (Ala. 1978) (emphasis added).
The appellees cannot rely upon the existence of the fence in aid of this proof of actual possession of the disputed strip east of the fence. The evidence shows that the fence was not built by appellees or their predecessors in title nor has it been maintained by them.
The evidence presented by appellees to prove their acts of possession on the disputed strip are, I believe, insufficient. Appellees and appellants both state that the strip for the most part is wooded, unimproved property. Appellees state that they or their predecessors occasionally cut trees; walked on the strip; enjoyed the beauties of nature on the strip; fed squirrels and birds on the strip; cleared areas of underbrush without destroying the nature setting; and occasionally hunted and picnicked on the strip. In addition, there was also testimony that members of the general public occasionally came onto the land in question and used the land in many of the same ways as appellees. Appellant, on the other hand, showed that his employees maintained the fence and that his children hunted and walked on the disputed strip. Therefore, the only conclusive evidence presented, in this case, is that the fence exists and both parties or their predecessors made use of the strip of land in question. I believe that the majority affirms a decision by the trial court which misapplies the law in light of the facts in this case. Just because a landowner does not erect his fence all the way to the section line does not necessarily mean that he recognizes the fence line as his boundary giving his neighbor the right to simply sit back and wait for ten years to pass so that he can make a claim of adverse possession. To obtain title by adverse possession the elements of adverse possession, including actual and exclusive possession, must be proven by the claimant.
I do not feel claimants in this case have proven actual and exclusive possession. The facts show that both parties made use of the strip and both parties were aware of the other's use. This is not exclusive possession. "In reviewing a decree, this court has held that where the court below had opportunity to hear the witnesses, the decree is entitled to a presumption in its favor on appeal. . . . However, if it is `clearly contrary to the great weight of the evidence,' this court will reverse on appeal." Turnham v. Potter, 289 Ala. 685, 690, 271 So.2d 246
(1972).
I believe the only correct decision in this case, based on the evidence, is to grant appellees the eighteen-foot maximum use of the road and to confirm appellant's ownership of all the land up to the section line. Accordingly, I would affirm in part and reverse in part.
ALMON, SHORES and ADAMS, JJ., concur. *Page 727