SHORES, Justice.
Bay La Launch Estates, Units I and II, is a subdivision which has been platted and recorded in the probate court in Baldwin County. The real property which is the subject of this suit is designated on both plats as “Park C,” lying on the west side of a forty-foot canal. This park and two others in the subdivision were specifically reserved for the use of the lot owners.
*1051 Bay La Launch Community Association, Inc., is a nonprofit corporation whose members are persons who own lots in the subdivision. The complaint filed by the corporation alleged that the Kendalls, who own two lots in the subdivision, had barricaded the southern entrance to Park C and blocked entry by the members of the corporation. It sought an order requiring the Kendalls to remove the barricade and permanently enjoining them from interfering with its use by lot owners. It also sought an order restoring possession of the property designated as Park C on the plat.
The Kendalls filed an answer and counterclaim whereby they alleged that a dispute existed between the parties as to the location of the boundary line between the lots owned by the Kendalls and Park C and the road leading thereto.
The complaint was thereafter amended to ask the court to declare the existence and extent of the public road lying along and between the canal and the eastern boundaries of Lots 1, 2, 3, 4, 5, and 6 of Block One of Bay La Launch Estates, according to the recorded plat.
The court found that the plat indicated a road or public way of not less than sixty feet in width leading to the lot designated as Park C on the plat. The case proceeded to a trial. Three different surveys were admitted into evidence. They are in agreement only as to the location of the southeast corner of Lot 3. They disagree slightly as to the boundary line between Lots 4, 5, and 6 and the road easement. One survey establishes it six feet west of the line as shown on the plat. Another puts it twelve feet farther west. The recorded plat itself does not show the angle of the baseline as it projects from the southeast corner of Lot 3.
The court adopted one of the three surveys, referred to as the Givens survey. As indicated, there are discrepancies among the surveys. However, there is evidence which, if believed as the trial judge obviously did, justified the conclusion that the Givens survey correctly depicts the true boundary line between the lots and the road. Givens testified that his survey accurately depicted the line and was based upon physical evidence found on the ground itself.
We have said repeatedly that, in boundary line disputes between coterminous lands, we uphold a trial judge’s finding on disputed facts, unless it is palpably erroneous or manifestly unjust. Ray v. Robinson, 388 So.2d 957 (Ala.1980); Jemison v. Belcher, 368 So.2d 849 (Ala.1979).
We find no reversible error.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.