This case arose from a property ownership dispute in Autauga County. Plaintiffs/Appellees, undisputed record title holders, brought a quiet title action against Defendants/Appellants, who claimed ownership through the doctrine of adverse possession. The trial court, after hearing conflicting ore tenus testimony, quieted title in Plaintiffs. Defendants appeal, contending that the trial court erred as a matter of law in excluding from evidence the unprobated and unrecorded will through which they claimed color of title, and, additionally, that the judgment was against the great weight and preponderance of the evidence. We affirm.
Gillis Townsend, married to Bama Townsend, acquired eighty acres of land by warranty deed in June 1920. Bama Townsend's sister gave birth to Beatrice Davis while residing on this property. Gillis and Bama raised Beatrice as their own child. Gillis Townsend died intestate on July 9, 1940, and the property descended to his heirs-at-law, subject to his widow's rights of dower and quarantine. Bama Townsend continued to reside on the property, along with her brother, Amos Goodson, until she died, testate, on February 8, 1951. Plaintiffs/Appellees (the Townsend heirs) claim ownership through Gillis Townsend, while Defendants/Appellants (the Davis heirs) claim ownership through Beatrice Davis.
Beatrice Davis married and moved away from the property, but later returned and maintained a residence on the homeplace for about ten years. Amos Goodwin was the last person to live on the property, residing first by permission of Bama Townsend, and then, allegedly, by permission of the Townsend heirs. Amos died in 1965, and Beatrice died in 1966. Shortly thereafter, the homeplace became uninhabitable and was demolished.
The record shows Bama Townsend paid taxes on the property in 1951 and 1952, and Amos Goodson paid property taxes for the years 1953 through 1966. John DeRamus paid property taxes, in the name of the Gillis Townsend estate, from 1967 through 1982. Property taxes were also paid from 1967 through 1982 in the name of the Davis estate.
The evidence, in essence, revealed: 1) The property consisted primarily of wooded acreage and was not farmed; 2) the Davis heirs, and at least one other person with their permission, cut firewood on certain portions of the property several times; 3) Beatrice Davis and her heirs occasionally *Page 1282 
visited and hunted on the property; and 4) the Davis heirs allowed someone to take old lumber from the homeplace on one occasion. The evidence also showed that the Townsend heirs entered the land periodically, picked scuppernongs, allowed people to cut firewood, attempted to sell timber, and exercised other similar possessory acts.
The dispositive legal issue is whether the trial court erred in refusing to admit into evidence to prove color of title under § 6-5-200 the will of Bama Townsend. The trial judge refused to admit the will because it was not recorded. Code 1975, § 6-5-200, states, in relevant part:
 "(a) Adverse possession cannot confer or defeat title to land unless:
 "(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
 "(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 "(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land." (Emphasis added.)
The Townsend heirs do not dispute the Davis heirs' definition of color of title, that being a writing which, in appearance, purports to transmit title or the right of possession, but which, in reality, does not. Bowles v. Lowery, 181 Ala. 603,62 So. 107 (1913). Rather, the Townsend heirs contend that §6-5-200 requires the color of title document to have been "duly recorded." Therefore, they say, because the will of Bama Townsend has never been probated or recorded, it does not furnish color of title, is without any legal force or effect, and was properly excluded by the trial judge. We agree.
Ala. Code, 1940, Tit. 61, § 43 (the applicable statute), states: "Wills shall not be effective unless filed for probate within five years from the date of the death of the testator." Bama Townsend's will was not filed for probate within the requisite statutory period, and, therefore, cannot be effective. Furthermore, the Court has held: "A will is ineffective until duly probated. No court can take notice of orgive effect to a will until probated. . . ." (Emphasis added.)Caverno v. Webb, 239 Ala. 671, 196 So. 723 (1940); and inSheridan v. Schimpf, 120 Ala. 475, 24 So. 940 (1898):
 "Section 1008 [analogous to Code 1975, § 43-1-37
and Code 1940, Tit. 61, § 34] does not in terms authorize the registration or record of wills and conveyances; it simply provides that unless recorded within five years from the entry and possession of the life tenant, such wills or conveyances are inoperative as against the creditors of the tenant for life in possession. There are other statutes, which in express terms authorize the registration of certain conveyances. While technically speaking a will may be a conveyance, our statutes relating to the registration and record of wills and conveyances seem to preserve an evidence distinction between the two. The only statute then that we have which would authorize the recording of a will is section 4279 (Code of 1886, § 1982) [now Code 1975, § 43-1-46]. And under this section a will is not authorized to be recorded until it has been probated. Construing these several sections in pari materia, we are constrained to hold that a will is not such an instrument, the recording of which, under our registration statutes, would operate to give constructive notice, before probate of the same." 120 Ala. at 480, 24 So. 940.
Having determined that the trial judge did not err in excluding the unprobated and unrecorded will,[1] we turn to the remaining *Page 1283 
issue: whether, under the ore tenus standard of review, sufficient evidence existed upon which the trial judge could conclude the Davis heirs did not meet their heavy burden of proving all the requisite elements of an adverse possession claim. Close examination of the record reveals sufficient evidence to support the trial judge's findings.
In Casey v. McIntosh, 361 So.2d 1040, 1042 (Ala. 1978), the Court stated:
 "In an adverse possession case, the burden of proof rests upon the party who asserts it, Ratliff v. Giorlando, 343 So.2d 506, Ala.Sup. (1977), to prove that the possession is actual, hostile, open, notorious, exclusive and continuous for the statutory period. Smith v. Claybrook, 349 So.2d 1087, Ala.Sup. (1977). This is a heavy burden requiring substantial evidence. Every presumption is in favor of the holder of the legal title. Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970); there is no presumption against the holder of the legal title. Jones v. Mitchell, 258 Ala. 651, 64 So.2d 816 (1953)."
The evidence concerning adverse possession conflicted and furnished a basis upon which the trial court could have reasonably concluded that the possessory acts alleged by the Davis heirs did not constitute adverse possession. The result reached by the lower court is not palpably wrong or manifestly unjust. Therefore, the presumption of correctness accorded the trial court's judgment under our ore tenus standard of review is not overcome. The judgment is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Our holding addressing the effect of an unrecorded will respecting color of title should not be understood as indicating that the result would be different if the will had been recorded, but not probated. We need not, and do not, address the issue whether an unprobated will, recorded under Code 1975, § 43-1-50, or otherwise, would constitute color of title under § 6-5-200.