This is a trespass action brought by a lot owner against the owner of a coterminous lot. This controversy arises over Annie L. Storey's house and concrete driveway which, according to the subdivision plat and a land survey, encroached approximately twelve feet upon the undeveloped lot owned by Curtis Patterson and Phyllis Patterson, the plaintiffs. Storey raised several affirmative defenses to the trespass action, including adverse possession, estoppel, bar, and waiver. She also counterclaimed, alleging adverse possession of the concrete driveway area. She also sought relocation of the *Page 493 
coterminous boundary line to the northern edge of the driveway.
The trial court first heard testimony on October 14, 1982, on Storey's motion for summary judgment, which was based upon her claim to title by virtue of adverse possession. The trial court denied the motion and on November 2, 1982, the case was submitted to the trial court for a determination of the factual issues, because neither party requested a jury.
The trial court, hearing the evidence ore tenus, found that the concrete driveway constituted a continuing trespass and issued a mandatory injunction restraining Storey "and her agents, servants, or employees from allowing or suffering the driveway to be maintained, located, or situated" on the Pattersons' property. The trial court further ordered Storey to remove the driveway and "to restore the underlying property to the same or similar condition existing prior to the encroachment." From this judgment and subsequent denial by the trial court of her motion for a new trial or alternative relief from the judgment, Storey now appeals.
 FACTS
Defendant/appellant, Annie L. Storey, is the record owner of Lot No. 6 of Block E, of the resubdivision of Blocks D and E of Frazier Subdivision, in Talladega County, Alabama. She bought Lot No. 6 in 1966 from Mr. Frazier, the developer, began construction of a house on Lot No. 6 in 1966, and moved there in 1968.
In 1977, Storey, with the assistance of Fred Cass and Hilbert Cass, poured a concrete driveway from Baker Street, which runs north and south in front of her house. The house itself is slightly over Storey's northern boundary line, but the driveway is completely over the property line as described in the conveying instruments.
In 1977, Lot No. 7 of the same resubdivision, in which the southern boundary line is coterminous with Storey's northern boundary line, was owned by Otha Fields. Fields conveyed Lot No. 7 to Curtis Patterson and Phyllis Patterson, plaintiffs/appellees, on August 17, 1978.
None of the deeds representing these conveyances was introduced at trial; however, witnesses testified that the deeds conveyed particular lots of the Frazier subdivision, as recorded in the Talladega County probate office, and a survey of the lots was performed by registered engineer Sidney E. Jones on June 28, 1978. This evidence was sufficient to show the location of the coterminous boundary line described in those conveyances.
Storey contends on appeal that she has title by adverse possession to land up to a line ten feet north of the house; that the Pattersons are barred, or estopped, or have waived their right to bring their suit in trespass, because they waited four years to file their complaint; and, finally, that the mandatory injunction is a manifestly unjust remedy. We affirm.
 I
We see no error in the trial court's decision to deny Storey relief based upon the defenses of bar, estoppel, and waiver. Trespass is both a legal action and an equitable action, Shererv. Burton, 393 So.2d 991 (Ala. 1981), and the applicable statutory limitations period for trespass to real property is six years. Code 1975, § 6-2-34 (2). The Pattersons purchased Lot No. 7 in 1978, after the concrete driveway was built, and brought the action in 1982, well within the limitations period. Similarly, there is no merit to her contention that the trespass claim was equitably barred by laches, because the trial court could have concluded that Storey failed to show harm or prejudice resulting from the four-year delay. SeeLipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975) (mere delay is not sufficient for the defense of laches, but special facts which make the delay culpable must appear).
Furthermore, Storey failed to show that she relied to her detriment upon any conduct or declarations of the Pattersons. Reliance is an essential element of estoppel. Traders andFarmers Bank of *Page 494 Haleyville v. Central Bank of Alabama, 294 Ala. 622,320 So.2d 638 (1975).
Finally, we see no evidence which would have supported Storey's defense of waiver, i.e., that the Pattersons intentionally relinquished their right to a trespass action simply by waiting four years to bring it. See O'Neal v. O'Neal,284 Ala. 661, 227 So.2d 430 (1969).
 II
The trial court was justified in finding that Storey failed to establish her claim of adverse possession to the strip of land upon which she poured the concrete driveway.
In Bussey v. Bussey, 403 So.2d 907, 909 (Ala. 1981), this Court stated:
 "[W]here a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964)." (Emphasis supplied.)
Such possession must be shown by clear and convincing evidence,Boren v. Roberts, 423 So.2d 208 (Ala. 1982), because every presumption is in favor of the holder of legal title. Casey v.McIntosh, 361 So.2d 1040 (Ala. 1978); Prestwood v. Hunt,285 Ala. 525, 234 So.2d 545 (1970).
To prove a claim of title by adverse possession, the claimant must offer evidence to show the exact boundaries of the land he is claiming. T.R. Miller Mill Co. v. Rails, 280 Ala. 253,192 So.2d 706 (1966); Chastang v. Chastang, 141 Ala. 451,37 So. 799 (1904). A court may not arbitrarily choose a boundary line between two parcels of property, Wills v. Blackwell,386 So.2d 427 (Ala. 1980), and such possession cannot be left to speculation and conjecture, Miller v. Jones, 280 Ala. 612,196 So.2d 866 (1967).
The claimant here certainly has not presented clear and convincing evidence of a definite tract to which she claims title. She testified that in 1966, she thought the true line was at a pine tree. That tree has since been cut down, and the evidence is now disputed as to the exact former location of that pine tree. Despite Storey's trial testimony as to what she thought was the true line, she claimed in her motion for summary judgment that the northern boundary line of Lot No. 6 "runs . . . along the north line of the concrete driveway," which, according to the subdivision plat and the Jones survey, is approximately twelve feet beyond the record line. Furthermore, she asks this Court, in her brief, to remand this case "with directions to establish the common boundary line tenfeet north of Annie Storey's home." (Emphasis added.) We note here that even if we did disagree with the trial judge on his findings of fact, we would not substitute our judgment for his.Ratliff v. Giorlando, 343 So.2d 506 (Ala. 1977).
There is also disputed testimony as to the use of the claimed strip of land. Storey claims to have used the same area as a dirt driveway since she built the house. Other witnesses' testimony and an aerial photograph taken in 1969 indicate, however, that Storey parked her car in front of her house rather than to its north side. Her own witness, Fred Cass, testified that the wooden forms he helped lay for the driveway extended six or seven feet farther north of any dirt tire tracks.
The trial court had the opportunity to observe the witnesses and hear their ore tenus testimony. Because adverse possession is considered to be a question of fact, Ratliff v. Giorlando,343 So.2d 506 (Ala. 1977); Barnett v. Millis, 286 Ala. 681,246 So.2d 78 (1971)], we will uphold a trial judge's finding on disputed facts, where evidence is presented ore tenus, unless it is palpably erroneous or manifestly unjust. Kendall v. BayLa Launch Community Association, Inc., 413 So.2d 1050 (Ala. 1982). Based upon the evidence presented, we do *Page 495 
not believe the trial court's finding that Storey failed to sustain her adverse possession claim was palpably erroneous or manifestly unjust.
 III
The mandatory injunction compelling removal of the concrete driveway and restoration of the underlying property was not a manifestly unjust remedy for the harm the Pattersons were suffering.[1] Storey's lot is 85 feet wide, while the Pattersons' lot is only 80 feet wide. Consequently, the court could have concluded that the twelve-foot-wide encroachment reduced what already was a small residential lot to a lot not suitable for residential purposes, and that the encroachment thus permanently impaired the Pattersons' use and enjoyment of their property, making the issuance of the injunction appropriate. InSmith v. Morris, 181 Ala. 279, 61 So. 276, 280-81 (1913), this Court stated:
 "The rule is familiar that when injuries to realty are permanent, continuous, and of frequent occurrence, tending to `destroy the substance of the inheritance, or ruin the estate, or permanently impair its future use and enjoyment in the manner in which the owner has been accustomed to use and enjoy it, pecuniary compensation is inadequate,' and a court of equity will interfere and award an injunction to prevent such injuries. Hooper v. Dora Coal Mining Co., 95 Ala. 235, 10 So. 652." (Emphasis added.)
For the foregoing reasons, the decision below is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Storey's attorney told the court at trial that Storey had already complied with the mandatory injunction by removing the driveway.