SHORES, Justice.
The litigation between these coterminous landowners was begun in July 1973, when Mrs. Cassie Berry filed her complaint against John Morrow, alleging that Morrow had begun diverting the natural flow of water from his land onto her land. She also asked the court to establish the true boundary line between the parties.
The court ordered a survey made establishing the boundary line between the parties and then, after the parties agreed to a method of dealing with the drainage problem, entered its decree incorporating the agreement.
In 1978, Mrs. Berry brought the present action, seeking to have the court hold Morrow in contempt for not complying with the decree of 1975, insofar as the drainage problem is concerned.
The trial court heard testimony and finally entered a decree which only fixes the boundary line between the parties, again pursuant to the survey made at the court’s request in 1974. The boundary line between the parties as fixed by the court-ordered survey, and as adopted by the court in 1975, is consistent with the description in each of their deeds. It is, then, only the *1328 boundary line dispute which is involved on this appeal.
Morrow contends that the evidence shows that he, or his predecessors in title, have adversely held a strip of the land beyond the line called for in the respective deeds and as fixed by the survey, adversely to Mrs. Berry, who with her husband has held record title to that land for more than fifty years. He contends that the evidence shows that this strip, used as a terrace or dike, has been held openly, notoriously, and hostilely to the Berrys for the requisite time to vest title in him by adverse possession. We disagree.
There is abundant evidence to support the line as fixed by the court. First, it is apparent from the record that there was never any disagreement or controversy between the parties as to where the line was. Each claimed the lands which their respective deeds called for. The lands of each had been terraced for many years by the owners of both tracts. It was only after Mr. Morrow placed drainage pipes in the terraced land that water started to flood Mrs. Berry’s land. Only after she brought the contempt action did he claim by adverse possession a part of her land where the terrace is located. Actually, now that the drainage pipes have been installed and the terraces heightened, the flooded area includes the lands of both parties. The trial court did not attempt to resolve this problem, but only fixed the boundary line. There being evidence to support the line as established, we have no alternative but to affirm the judgment appealed from. Kendall v. Bay La Launch Community Ass ’n, Inc., 413 So.2d 1050 (Ala.1982); Evans v. Green, 411 So.2d 788 (Ala.1982); Nelson v. Garrard, 403 So.2d 230 (Ala.1981). See for an exhaustive list of cases so holding: Ala. Dig. Boundaries, Key No. 43.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES, EMBRY and BEAT-TY, JJ., concur.